ZEHMER, Judge.
Claimant, Joseph Leonard, appeals a workers’ compensation order denying his claim for authorization of Dr. Finkelstein and denying payment of medical bills of Dr. Finkelstein that claimant incurred after the employer and carrier objected to Dr. Finkelstein’s treatment. We reverse.
The record shows that before claimant filed a notice of injury form with the employer and carrier, he sought Dr. Finkel-stein’s treatment for his compensable injury. Upon receiving notice of claimant’s injury, the carrier began paying Dr. Finkel-stein’s bills and told claimant that he could see Dr. Finkelstein “with the understanding that if there was a problem down the road we would send him somewhere else.” Claimant continued to receive treatment from Dr. Finkelstein and employer/carrier paid for that treatment. After several weeks, however, employer/carrier decided to discontinue payment of Dr. Fink-elstein’s bills and sent claimant to another doctor. Claimant objected to the change in physicians and filed a claim requesting the deputy commissioner to authorize Dr. Fink-elstein and order payment of Dr. Finkel-stein’s unpaid medical bills.
The record does not contain competent, substantial evidence that would support a finding that the carrier did not authorize Dr. Finkelstein to treat claimant. On the contrary, the evidence that the carrier paid Dr. Finkelstein’s bills over a period of time without objecting to Dr. Finkelstein’s treatment of claimant permits only a finding that the employer and carrier had authorized Dr. Finkelstein. Additionally, there is no competent, substantial evidence to support the decision to deauthorize Dr. Finkelstein with respect to necessary treatment in the future. Thus, we reverse and remand with directions that the deputy commissioner reinstate Dr. Finkelstein as an authorized physician and order the employer and carrier to pay Dr. Finkelstein’s unpaid medical bills.
REVERSED AND REMANDED.
WENTWORTH and NIMMONS, JJ., concur.