559 So.2d 734 (1990)
Belk LINDSEY and Liberty Mutual Insurance Co., Appellants,
v.
Ruby Jean URBAN, Appellee.
No. 89-990.
District Court of Appeal of Florida, First District.
April 18, 1990.
*735 Judith J. Flanders of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellants.
Dean Burnetti of H. Guy Smith, P.A., Lakeland and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
JOANOS, Judge.
Belk Lindsay and Liberty Mutual Insurance Company have appealed an order of the judge of compensation claims awarding various medical and compensation benefits and an attorney's fee, and finding that an acupuncturist is a "health care provider" as defined in Section 440.13(1)(b), Florida Statutes (Supp. 1986), so that, pursuant to Section 440.13(2)(b), Florida Statutes (Supp. 1986), appellants' refusal to authorize requested acupuncture treatment obligated them to pay for that treatment upon a subsequent finding of necessity and reasonableness. We affirm without discussion all issues raised by appellants except the latter pertaining to the acupuncturist, as to which we reverse and remand.
Claimant Urban injured her back in a fall at work in December 1986. She thereafter unsuccessfully consulted numerous doctors complaining of severe pain in her back, hip and leg. On July 18, 1988, without seeking prior authorization, Urban consulted Dr. Ou, an acupuncturist. Her July 29, 1988 claim for Ou's treatment was controverted by appellants, and no alternative care was offered.
Dr. Ou continued to treat Urban between July and December 1988. She enjoyed dramatic improvement during this period, and in September 1988 was able to commence working 2 or 3 hours per day at her pre-injury employment as a seamstress. By the time of the January 1989 hearing, Urban had increased that work period to 5 to 6 hours daily. In the opinion of her psychiatrist, Dr. McClane, the acupuncture treatment succeeded because of Urban's particular psychiatric makeup and, in December 1988, informed the employer/carrier that the acupuncture treatment was psychiatrically beneficial and should be continued.
In the compensation order herein appealed, the judge ordered appellants to pay for Urban's entire course of treatment by Dr. Ou despite the fact that it was initially unauthorized. The judge found that treatment reasonable and necessary, and held that, because appellants had refused Urban's July 1988 claim for Ou's care, it was responsible for the expense thereof. He rejected appellants' additional argument that they could not be held responsible for treatment rendered by Ou in that he was not a statutory health care provider, that is, neither a physician, nor prescribed by nor working under the direction or supervision of a physician. Continuing care by Dr. Ou was also awarded, based on the December 1988 medical opinion that his treatment was psychiatrically valuable.
An employer is required to furnish to the employee "such medically necessary treatment, care, and attendance by a health care provider ... as the nature of the injury or the process of recovery may require." § 440.13(2)(a), Fla. Stat. (Supp. 1986) (emphasis supplied). If the employer fails to provide such treatment, care, and attendance after request by the employee, the employee may obtain it "at the expense of the employer, the reasonableness and the necessity to be approved by a [judge of compensation claims]." Section 440.13(2)(b), Florida Statutes (Supp. 1986).
It was this authority on which the judge relied to award the cost of Dr. Ou's treatment, pointing to Urban's July 1988 request for that treatment and appellants' refusal to provide it. It is implicit in this award, and in fact was explicitly held by the judge, that Dr. Ou was a statutorily defined health care provider whose care the appellants were obligated to provide upon request, or risk a subsequent holding of responsibility therefor. This holding was in error. The Workers' Compensation Act specifically states that a health care provider is "a physician, or any recognized practitioner who provides skilled services pursuant to the prescription of or under the supervision or direction of a physician." § 440.13(1)(b), Fla. Stat. (Supp. 1986).
*736 It is clear that Ou is not himself a physician, that is, "a physician licensed under Ch. 458, an osteopath ..., a chiropractor ..., a podiatrist ..., an optometrist ..., or a dentist... ." § 440.13(1)(f), Fla. Stat. (Supp. 1986). Further, until Dr. McClane notified the carrier on December 5, 1988 that Ou's care was medically necessary from a psychiatric standpoint, the care was not provided "pursuant to the prescription of or under the supervision or direction of a physician." § 440.13(1)(b), Fla. Stat. (Supp. 1986). Therefore, it was error to classify Ou as a statutory health care provider.
It necessarily follows that, because appellants were obligated to provide treatment only by such providers, § 440.13(2)(a), Fla. Stat. (Supp. 1986), their refusal to provide acupuncture treatment did not give rise to an obligation to pay for that care should it later be found necessary and reasonable. However, Dr. McClane recommended acupuncture treatment on December 5, 1988, and appellants concede responsibility for payment after that date. The award of treatment by Dr. Ou commencing in July 1988 is therefore reversed, and the case remanded with directions to date the award of acupuncture care from December 5, 1988.
Affirmed in part, reversed in part and remanded.
WENTWORTH and THOMPSON, JJ., concur.