JOANOS, Judge.
Luis Montero has appealed from an order of the judge of compensation claims granting a motion to compel evaluation and treatment by a physician chosen by the employer. We reverse and remand for reconsideration of the motion in light of the correct legal standard.
Montero suffered compensable physical and psychiatric injuries in September 1984, and has not yet reached maximum medical improvement psychiatrically. See Department of Transportation v. Montero, 568 So.2d 65 (Fla. 1st DCA 1990). In September 1989, the employer authorized evaluation and treatment by Dr. Raven-Stigler, a clinical psychologist. Montero objected, and proposed an alternative psychiatrist, Dr. Jiminez. The employer declined to authorize another doctor, and filed the instant motion to compel Montero to see Raven-Stigler. The judge granted the motion, *1016 finding that Montero was obligated to undergo treatment by the employer’s chosen physician until unsatisfactory treatment was actually rendered.
If an injured employee objects to the medical attendance furnished by the employer, it is the employer’s duty to select another physician to treat the employee unless a judge of compensation claims determines that a change in medical attendance is not in the employee’s best interest. § 440.13(3), Pla.Stat. (1983). In the instant case, the employer tendered evaluation and treatment by Dr. Raven-Stigler, to whom Montero objected. Rather than exercising the option to offer alternative physicians, the employer determined to seek an order from the judge compelling Montero to be treated by Raven-Stigler.
Under the foregoing statutory provision, such an order must be based on a finding that such treatment is in the claimant’s best interest. However, although the judge herein granted the motion, he made no finding that treatment with Raven-Sti-gler would be in Montero’s best interest. This was erroneous as a matter of law, in that it is unlawful for any employer to coerce a sick or injured employee in the selection of a physician. § 440.13(3), Fla. Stat. (1983).
Because the judge failed to apply the correct legal standard in granting the employer’s motion to compel, we reverse and remand for reconsideration of the motion in light of the correct legal standard. Additional evidence may be received should it be necessary to the proper determination of the issue.
Reversed and remanded with directions.
WENTWORTH and ALLEN, JJ., concur.