PER CURIAM.
Daryl Pardo appeals a workers’ compensation order that denies his claim to have the employer and carrier, Denny’s, Inc. and Crawford & Company, pay for his attorney’s fees incurred in securing the services of a vascular surgeon. The claim for fees was based on the 21-day rule in subsection 440.34(3)(b), Florida Statutes (1989). The judge of compensation claims denied the claim on the ground that Crawford’s action in telling Claimant’s attorney that Dr. Crist, a vascular surgeon, was authorized within 21 days of receipt of notice of the claim precluded a fee award. It appears, however, that Crawford was to make arrangements for Claimant to see Dr. Crist; but due to confusion on Crawford’s part (it erroneously thought Dr. Crist had died), it made no appointment for Claimant to see Dr. Crist, and Dr. Crist never provided any medical services to Claimant. As the order recites, “vascular consultation was needed as soon as possible due to the possibility of a pulmonary embolism which might ultimately threaten the claimant’s life.” Accordingly, the carrier subsequently authorized another vascular surgeon and set up an appointment for Claimant. While the letter authorizing the surgeon was dated within the 21-day period, it apparently was not communicated to Claimant until the 26th day after the notice of claim was received, and the appointment was not set until the 27th day. Claimant was ultimately seen by this doctor on November 1, 1990.
Subsection 440.13(2)(a) provides that “the employer shall famish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require.....”' (Emphasis added.) Before a health care provider may provide medical services under the act, it must be informed by the employer or its carrier of authorization to provide such services, even if it is contemplated that the claimant is to make an appointment to see the provider. Unless the employer and carrier communicate such authorization, no services can be “furnished.” Hence, in respect to the claim for an attorney’s fee, the relevant fact was whether Crawford, within 21 days of receiving notice, ever communicated authorization to Dr. Crist and informed Claimant or his attorney to make an appointment. We find, however, that the order under review is silent as to whether Dr. Crist and Claimant were so notified.[1] Moreover, there is confusion in the record concerning the apparent authorization and deauthorization of Dr. Crist.
Accordingly, we reverse and remand for further findings on these matters.
REVERSED AND REMANDED.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.

. The order only recites:
As noted above, the record evidence shows that the adjuster had Notice [sic] of the claim seeking authorization of a vascular surgeon on October 4, 1990 when the adjuster contacted Dr. Andriola concerning the necessity of a vascular consultation. Furthermore, the claimant's attorney has stipulated that the employer/carrier agreed to provide a vascular surgeon and, for that reason, the emergency hearing scheduled for October 15, 1990 was cancelled. As such, it appears to the Court that the employer/carrier did not fail or refuse to pay a claim more than 21 days after receiving Notice [sic] of said claim.