WENTWORTH, Senior Judge.
The appellant employer/earrier, Redwing Owner Operators and Associated Industries of Florida Property and Casualty Trust, Inc., seek review of a February 18, 1994 workers’ compensation order. We affirm, finding no error in the order for payment of a psychologist’s bill for treatment in February 1992, and for authorization of such continued care.
The record substantiates the determination by the Judge of Compensation Claims that Dr. Feldman, upon reference by claimant’s treating doctor, provided treatment and evaluation services to claimant and was paid in due course by appellants. Claimant returned to Dr. Feldman in early 1992 because he had continued to experience depression and anxiety during the intervening period while working as a truck driver and continuing to receive authorized treatment for his industrial injury, a herniated disc. The order finds “that the Employer/Carrier accepted Dr. Feldman as an authorized treating psychologist by paying the bill for his treatment and evaluation in 1989, and no appropriate actions having been taken by the Employer/Carrier to deauthorize Dr. Feldman, ... bills for treatment rendered in February, 1992 should be paid.” This conclusion accords with decisions under Section 440.13, Florida Statutes, at the time the services in question were provided. Leonard v. Jim Rowe Pest Control, 545 So.2d 488 (Fla. 1st DCA 1989).
In controverting liability for the 1992 services, appellants dispute the factual determination that the bills paid in 1989 covered psychotherapeutic treatment, and assert, in effect, that Dr. Feldman deauthorized himself by noting “no permanent disability” and “final payment” on his bill. We find neither contention persuasive on the record here, and no authority which compels such a conclusion from a doctor’s discharge of a patient coinciding with completion of initial tests and treatment.
*1206 Appellants also invoke the 1990 statutory change described as limiting a physician’s referral authority to emergency treatment. § 440.13(2)(a), Fla.Stat. (1991). We conclude the JCC correctly refrained from application of that provision (directed at the initiation of authorized care after effective date) in the context here, involving authorized care antedating the enactment.
Appellants also assert inconsistency in the order’s authorization of continued care by Dr. Feldman, after a finding “that the Employee reached MMI on February 19, 1992 ■with a 7% permanent psychological impairment.” The authorization should, of course, be construed as contemplating only palliative care during continuance of the adjudicated medical status.
AFFIRMED.
WOLF and LAWRENCE, JJ., concur.