699 So.2d 741 (1997)
David Mike SMITH, Appellant,
v.
GENERAL PARCEL SERVICE, INC., and Associated Industries Insurance Company, Inc., f/k/a Associated Industries of Florida Property & Casualty Trust, Appellees.
No. 96-1308.
District Court of Appeal of Florida, First District.
August 19, 1997.
Rehearing Denied September 30, 1997.
*742 Ronald J. Langa of Overchuck & Langa, P.A., Orlando; Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Mary Ann Stiles, Karen M. Smith and Joseph B. Heimovics of Stiles, Taylor & Metzler, P.A., Orlando, for Appellees.
ERVIN, Judge.
Claimant, David Mike Smith, challenges a final workers' compensation order which denied his claims for authorization of Dr. Rosenberg, a pain psychologist, and attorney's fees. Claimant asserts that the judge of compensation claims (JCC) erred in determining that he was precluded by section 440.13, Florida Statutes, from approving the treating physician's referral to Dr. Rosenberg on the basis that Rosenberg is a psychologist, rather than a physician or medical doctor; that he erred in approving the alternative care that was offered, because treatment with Dr. Rosenberg was in claimant's best interests; and that he erred in denying claimant attorney's fees under the 21-day rule, because alternative care was not timely offered. We agree with claimant that the JCC erred in concluding that Dr. Rosenberg could not be an authorized referral, and, based on that conclusion, we reverse the remaining two points and remand the case for further proceedings.
Claimant, who was employed as a driver, injured his lower back and left leg on August 11, 1992, when he fell after stepping out of a truck. Dr. Imfeld, claimant's treating physical medicine and rehabilitation specialist, diagnosed preexisting spondylolisthesis, which was aggravated by the injury and resultant disc herniation at L5-S1. Dr. Imfeld opined that claimant had reached maximum medical improvement on February 12, 1993, with a seven percent permanent impairment. The 49-year-old claimant performed an extensive job search, but he has not worked since the accident, and he remains in constant pain.
In regard to the claim for authorization of Dr. Rosenberg, claimant testified that he told Dr. Imfeld in March 1995 that because of the pain and frustration resulting from the delay in obtaining physical therapy, he was depressed and had developed a "short fuse."
The only medical evidence admitted at the hearing on this issue was Dr. Imfeld's medical records, wherein his note of January 12, 1995, confirmed that the physical therapy he prescribed was never authorized. Imfeld's note of March 17, 1995, indicates that claimant "comes in complaining of being depressed, having problems, and having a short fuse. He had to drop a class because of his mental problems as well." Dr. Imfeld prescribed Paxil, a medication for depression, and referred claimant to Dr. Leigh Rosenberg, a pain psychologist, who enjoyed a good reputation in assisting chronic pain patients. His April 14, 1995, note observes that there is "still confusion on the psychologist referral."[1] A note dated May 12, 1995, reveals that claimant remained unable to see the requested psychologist, and that the Paxil prescription was renewed. On June 21, 1995, Dr. Imfeld observed that he was awaiting a letter from the carrier authorizing either the Pain Management Program at Florida South or Dr. Bernstein for psychiatric counseling. Imfeld reported that because he was unaware of the reputation of the pain program or Dr. Bernstein, he preferred his referral of claimant to Dr. Rosenberg. On August 8, 1995, claimant still had not seen any psychiatrist or psychologist, and he continued to take Paxil.
In denying claimant's request for authorization of Dr. Rosenberg, the JCC found that a psychologist is not a physician or medical doctor licensed under chapter 458, Florida Statutes; therefore, he could not approve Dr. Imfeld's referral to Dr. Rosenberg as authorized pursuant to the provisions of section 440.13, Florida Statutes. Instead, the JCC approved Dr. Bernstein, a psychiatrist, to conduct an evaluation to determine whether claimant's depression was caused by the industrial injury. Additionally, the JCC denied attorney's fees to claimant based on a finding that the employer and insurance carrier (collectively, the "E/C") were in compliance with section 440.13, because alternative *743 care through the Pain Management Program at Florida South or Dr. Bernstein was timely offered.
Claimant argues that the JCC reached the erroneous conclusion that he could not authorize a psychologist upon a treating doctor's referral, because he applied the 1994 version of section 440.13 rather than the 1992 version that was in effect on the date of the accident. We need not reach that issue, however, because a referral to a psychologist is appropriate under either statute. Both statutes permit referrals to other "health care providers," and that term is defined in both statutes as "a physician or any recognized practitioner who provides skilled services pursuant to a prescription or under the supervision or direction of a physician." § 440.13(1)(b), Fla. Stat. (Supp.1992); § 440.13(1)(i), Fla. Stat. (Supp.1994). Although a psychologist is not a "physician," Dr. Rosenberg is nevertheless a recognized practitioner who provides skilled services. See, e.g., Redwing Owner Operators v. Cardenas, 648 So.2d 1205 (Fla. 1st DCA 1995) (affirming order requiring payment of psychologist's bill and authorizing continuing care); Montero v. Department of Transp., 570 So.2d 1015 (Fla. 1st DCA 1990) (E/C authorized clinical psychologist to provide treatment); Nurse Finders, Inc. v. Harris, 561 So.2d 1267 (Fla. 1st DCA 1990) (upholding award authorizing a psychologist). Moreover, because Dr. Imfeld recommended that Dr. Rosenberg evaluate claimant, Rosenberg's services could be authorized pursuant to Imfeld's prescription. See Lindsey v. Urban, 559 So.2d 734 (Fla. 1st DCA 1990) (acupuncturist was not a health care provider furnishing services pursuant to prescription of treating doctor until treating doctor recommended such treatment, after which E/C properly paid for his services). The JCC therefore erred in deciding that Dr. Rosenberg, a psychologist, could not be legally authorized to treat claimant.
Turning to the second point, we also reverse and remand the JCC's denial of claimant's request for authorization of Dr. Rosenberg. The JCC approved Dr. Bernstein in part because he erroneously determined that he was legally precluded from authorizing a psychologist. Because it is impossible to determine from this record whether the JCC would have reached a different result had he not made this erroneous decision, the order must be reversed as to this ruling as well and the case remanded for reconsideration of claimant's request for authorization of Dr. Rosenberg.
Our disposition of the above two issues also requires reversal and remand as to the final point on appeal, urging that the JCC erred in denying the claim for attorney's fees. This claim was based on section 440.34(3)(b), Florida Statutes (1991), which authorizes an award of fees "[i]n any case in which the employer or carrier fails or refuses to pay a claim filed with the division ... on or before the 21st day after receiving notice of the claim, and the injured person has employed an attorney in the successful prosecution of his [or her] claim." Claimant correctly states that the only avenues available to the E/C to avoid liability for payment of attorney's fees under section 440.34(3)(b) are for it either to accept the claim within 21 days of its filing, or to defend the claim successfully. All Am. Pools `N Patio v. Zinnkann, 429 So.2d 733, 734 (Fla. 1st DCA 1983).
The JCC's reason for denial of fees in this case is that the E/C timely offered alternative care and successfully controverted the claim for authorization of Dr. Rosenberg. As we earlier observed, however, the denial of the claim for Rosenberg's authorization was in part based on the JCC's erroneous conclusion that he could not legally authorize a psychologist. It is therefore necessary to reverse the denial of fees and remand the case for the JCC's reconsideration of this issue, because if the JCC finds after remand that Dr. Rosenberg should have been authorized, the E/C cannot be said to have prevailed on the claim, and the denial of fees would also be erroneous.
REVERSED and REMANDED for further proceedings.
BARFIELD, C.J., and BENTON, J., concur.
NOTES
[1] Imfeld had conferred with the insurer and was informed that the delay in approving the referral was a workers' compensation problem, because a psychologist could not be authorized.