PER CURIAM.
Gregory Hollis’s claim for permanent total disability benefits was premature. He had neither reached maximum medical improvement nor received ninety-eight weeks of temporary benefits at the time of the final hearing. See City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998). We reverse the order awarding permanent total disability benefits. Because the claim for permanent total disability benefits was premature, if the facts warrant, the claimant may file a subsequent petition for permanent total disability benefits. See Holder v. Keller Kitchen Cabinets, 610 So.2d 1264, 1267 (Fla.1992) (holding that an order stricken as addressing a premature claim is not res judicata on the merits of the claim).
As an alternative to permanent total disability benefits, Mr. Hollis requested temporary indemnity benefits. The employer challenged the admissibility of part of Dr. Szmurlo’s testimony, which is the only record support for an award of temporary total disability benefits. However, we find no error in Dr. Szmurlo’s conducting portions of his IME examination on two separate days, or in his relying in part on tests performed at his direction by a licensed clinical psychologist. See Smith v. General Parcel Serv., 699 So.2d 741 (Fla. 1st DCA 1997). We therefore remand with directions that the judge of compensation claims enter an order awarding temporary benefits from August 6, 1996, through the date of the August 1997 hearing, allowing the employer credit for any other benefits it paid during this period.
REVERSED and REMANDED.
BOOTH, BENTON and PADOVANO, JJ., concur.