ALLEN, J.
The employer appeals a workers’ compensation order by which the judge declined to approve a unilateral transfer of medical care pursuant to section 440.13(2)(d), Florida Statutes. We conclude that the judge misperceived the effect of the statute, but that the ultimate determination below was a proper ruling which accords with the requirements of the Workers’ Compensation Law.
The claimant sustained a compensable injury prior to the enactment of the deau-thorization provision in section 440.13(2)(d), which permits a transfer of the medical care being provided an injured employee if an independent, medical examination indicates that the employee is not making appropriate progress in recuperation. The employer relied on this enactment in advising the claimant that it intended to transfer her care from the authorized doctor with whom she had been receiving treatment. The claimant objected to this action and expressed a desire to maintain her existing doctor-patient relationship with the authorized doctor. A motion was submitted to the judge, with the parties presenting argument as to whether section 440.13(2)(d) is a substantive provision which would not apply because the claimant was injured before the statute was enacted, or whether section 440.13(2)(d) is a procedural provision which may apply regardless of the date of accident.
Section 440.13(2)(d) was construed by this court in Terners of Miami Corp. v. Busot, 764 So.2d 701 (Fla. 1st DCA 2000). The Temers decision was rendered after the challenged ruling in the present case, whereby the judge characterized the statute as a substantive enactment affecting the parties’ rights with regard to the maintenance of an existing doctor-patient relationship. However, Temers indicates that section 440.13(2)(d) does not materially alter the parties’ rights in this regard, as a medical deauthorization made under this statute without prior judicial approval may still be subject to an after-the-fact determination by the judge as to whether deau-thorization was in the claimant’s best interest. As Temers further suggests, this approach accords with the law as it existed prior to the enactment of the deauthorization provision in section 440.13(2)(d). See Furtick v. William Shults Contractor, 664 So.2d 288 n. 2 (Fla. 1st DCA 1995); Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985).
Because section 440.13(2)(d) does not adversely affect the parties’ substantive rights, its application is not governed by the date of accident. But despite mis-charaeterizing the nature of the statute and making a qualified directive as to the continued provision of care with the authorized doctor, the judge indicated that the question of transfer of care remains subject to resolution by a judge of compensation claims. Inasmuch as this accords with the existing law which section 440.13(2)(d) did not alter, so that deauthorization may be made either with prior approval of the judge or subject to a later inquiry as to whether a change in care was in the claimant’s best interest, the ruling comports *189 with the process contemplated by § 440.13(2)(d) as construed in Temers.
The appealed order is affirmed.
JOANOS and DAVIS, JJ., CONCUR.