ERVIN, J.,
dissenting.
Certain findings in the judge of compensation claims’ (JCC’s) order denying attorney’s fees and costs are inconsistent with what he had earlier found in his abbreviated final order. For example, in the order of denial, the judge concluded: “I find the claimant was not successful in securing any medical benefit that she claimed or that was not already being provided to her by the employer/carrier, and that the abbreviated final order only resulted in an administrative directive to the carrier to contact Dr. Rohan and again clarify his continued authorization to treat the claimant.” This finding appears to be in direct conflict with the finding previously made by the judge in his abbreviated final order:
4. The evidence presented supports the position of the Claimant concerning the issue that she is unable to receive medical care with her previously authorized treating physician, Dr. Michael Ro-han, M.D., although the Employer/Carrier authorized such care.
As a result of the above finding, the judge ordered the employer/carrier (E/C) to furnish further palliative care to claimant and to clarify the authorization of Dr. Rohan to enable his office to schedule claimant appropriate appointments.
In addition to the above, the judge made a finding in the order of denial that is directly contradicted by the record, stating:
After considering the evidence and testimony presented in this cause, I find that if the Claimant, or her counsel, had clearly communicated their desire to have the Carrier schedule an appointment, this matter could have been amicably resolved without the protracted litigation and expense that took place here.
He otherwise found that there was no “evidence that the claimant specifically requested the carrier to schedule an appointment for her.”
The judge’s finding in this regard requires a more detailed recitation of the facts than those provided in the order, quoted in the majority’s opinion. After filing her two petitions for benefits, seeking further authorization of medical care in October 2003, the claimant twice unsuccessfully attempted to schedule appointments with Dr. Rohan, once shortly before mediation was conducted on January 15, 2004, and the second, one week before the final merits hearing before the JCC, beginning May 27, 2004. The claimant herself testified, without contradiction, that following mediation, while riding down the elevator with the E/C’s attorney, she had expressed to him her request, due to her inability to receive medical treatment, for the provision of other medical care.
The parties’ attempt to resolve their differences through mediation was also unsuccessful and resulted in an impasse. Finally, it was not until the entry of the abbreviated order in June 2004, that the E/C was finally directed to instruct Dr. *51 Rohan for the purpose of his office scheduling appropriate medical appointments on behalf of claimant. Obviously, the record of the proceedings clearly shows that claimant, through her counsel, had communicated her desire for the claimant’s continued treatment by Dr. Rohan through the filing of their petitions, through the unsuccessful mediation proceeding, and finally through the completion of the merits hearing, involving a lapse of nearly nine months until the entry of the abbreviated order.
Although, as the JCC found in the order denying fees, the abbreviated final order did not award any benefit, it in fact served to require the carrier to facilitate treatment that had been authorized but was not provided, even though the E/C was aware through its attorney that Dr. Rohan had refused to see the claimant. The record thus indicates that the carrier was indifferent to the claimant’s unsuccessful efforts to obtain treatment for her continuing pain following knee replacement. It obviously ignored the claimant’s request for assistance and did not respond to the two petitions for benefits. This is precisely the type of passive resistance or indifference that the attorney-fee statute was designed to correct: to “assur[e] the quick and efficient delivery of disability and medical benefits to an injured worker.” § 440.015, Fla. Stat. A number of years ago, this court addressed an employer’s failure to adequately monitor a worker’s progress in the context of a claim for a bad-faith attorney-fee award, saying:
The delay or denial of payment, without a showing of active effort and initiative on the part of the carrier to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker is totally inconsistent, in our view, with the notion that claimant is entitled under this law to have his benefits paid without the necessity of first seeking the advice and services of an attorney for the simple purpose of making his claim of entitlement to benefits known to the carrier.
Fla. Erection Servs., Inc. v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981).
The situation in this case is analogous to the facts set forth in Mylock v. Champion International, 906 So.2d 363 (Fla. 1st DCA 2005), in which the E/C advised claimant that his care was being transferred from his authorized treating physician to a “replacement physician.” The claimant filed a petition for benefits seeking continued authorization of his treating physician. The E/C responded, a mediation conference was held, and a report was filed indicating that all issues had been resolved, including the continued authorization of claimant’s treating physician and payment of a medical bill. Claimant’s counsel filed a petition for attorney’s fees based on the successful prosecution of the medical benefits claim. The JCC denied the petition, finding the carrier never informed claimant’s treating physician that claimant was being transferred to another doctor, and further finding claimant had not been denied treatment. This court reversed, because the claimant prevailed on his medical benefits claim through his attorney’s efforts, albeit through mediation rather than the necessity of a merits hearing. Id. at 366. In comparison, the record in the present case is clear that but for the intervention of claimant’s counsel, which culminated in the abbreviated order confirming claimant’s entitlement to continued care by her authorized physician, she would not have received the treatment that was authorized but not provided.
The judge’s interpretation of the carrier’s responsibilities in regard to an injured employee of whom it is clearly on notice is not receiving the treatment needed is *52 clearly at variance with the legislative intent in its enactment of the workers’ compensation legislation. For all of the above reasons, I would reverse the order denying fees and remand with directions for the judge to award a reasonable attorney fee.