IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROOF PAINTING BY
HARTZELL, INC./SUMMIT
HOLDINGS - CLAIMS
CENTER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0112

      Appellants,

v.

ANDRES HERNANDEZ,
COLORS CONSTRUCTION,
INC. AND GUARANTEE
INSURANCE COMPANY,

      Appellees.

_____/

Opinion filed February 16, 2015.

An appeal from an order of the Judge of Compensation Claims.
William R. Holley, Judge.

Date of Accident: July 26, 2012.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for
Appellants.

Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach
Gardens, for Appellees Colors Construction, Inc. and Guarantee Insurance
Company; Richard A. Sicking of Touby, Chait & Sicking, P.L., Coral Gables, for
Appellee Andres Hernandez.

PER CURIAM.

Roof Painting by Hartzell, Inc. (Hartzell), and its insurance carrier appeal an order of the Judge of Compensation Claims (JCC), which concludes both Hartzell and its subcontractor, Colors Construction, Inc., (Colors) were dual employers at the time of Claimant's workplace injury. Based on this finding, the JCC ruled that Hartzell and Colors, through their respective carriers, are equally liable to provide Claimant with workers' compensation benefits. On cross-appeal, Guarantee Insurance Company (Guarantee), the carrier for Colors, challenges the JCC's order binding Guarantee to an interlocutory order striking Color's defenses for discovery violations and the JCC's order disallowing Guarantee's proposed pretrial amendment to add a defense based on the "borrowed servant" doctrine.

We find no error in the striking of Guarantee's defenses (which would include a defense based on the "borrowed servant" doctrine), and affirm the issues raised in the cross-appeal without further comment. However, the JCC's finding of dual employment is supported by neither the law nor the evidence here. Therefore, we reverse that portion of the order on appeal.[1]

---

[1] To the extent a JCC's order turns on a resolution of the facts, the review standard is competent substantial evidence; to the extent it involves an interpretation of law, the standard is de novo. See Mylock v. Champion Int'l, 906 So. 2d 363, 365 (Fla. 1st DCA 2005).

2

Notably, none of the parties below argued a theory of dual employment. The JCC first raised the possibility at the conclusion of the evidentiary hearing and subsequently entered an order finding Hartzell and Colors to be dual employers of Claimant. The undisputed evidence establishes that Hartzell, a contractor, was hired by a property management company to provide pressure cleaning and staining services. Hartzell then subcontracted with Colors to provide the labor for the contracted services. Claimant did no work or tasks other than the pressure cleaning and staining called for in the subcontract. This court has previously held that "dual employment occurs when a single employee is under a contract of hire with two employers, and under the separate control of each, performs services for the most part for each employer separately, and the service for each employer is largely unrelated to that for the other." Interstate Indus. Park v. Afterdeck Rest., 478 So. 2d 852, 854 (Fla. 1st DCA 1985). The evidence does not support a finding of dual employment here. Even if the JCC could have properly found two contracts of hire and separate control by both employers, the third part of the test—the services performed for each employer are largely unrelated—simply is not satisfied by the evidence, for at the time of his workplace injury, Claimant was performing the same (indivisible) services for both Hartzell and Colors.

Section 440.10(1)(b), Florida Statutes (2012), provides that "[i]n case a contractor sublets any part or parts of his or her contract work to a subcontractor or

3

subcontractors, all the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." Given the facts in this case, it is unclear why the JCC did not consider the applicability of this provision in determining which employer is liable for Claimant's benefits. Indeed, the evidence shows that, in accordance with the express terms of its subcontract with Hartzell, Colors provided workers' compensation insurance coverage for its laborers on the job—including Claimant.

Accordingly, we reverse that portion of the Final Merits Hearing Order[2] finding dual employment and splitting liability for workers' compensation benefits between Hartzell and Colors through their respective carriers, and remand for further proceedings to include consideration of the applicability of section 440.10(1)(b). In all other respects, the order is affirmed.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

PADOVANO, CLARK, and MARSTILLER, JJ., CONCUR.

---

[2] The issue of the employer/employee relationship was determined in a separate hearing prior to the final merits hearing. The dual employment finding and split liability ruling are contained in a Final Evidentiary Order Determining Employee/Employer Relationship that subsequently was incorporated into the Final Merits Hearing Order. The orders were entered by two different JCCs.

4