FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-3745
_____

ERNESTO BLANCO,

Appellant,

v.

CREATIVE MANAGEMENT
SERVICES, LLC/ TECHNOLOGY
INSURANCE COMPANY,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Walter J. Havers, Judge.

Date of Accident: December 4, 2017.

October 17, 2019

PER CURIAM.

Ernesto Blanco appeals the Judge of Compensation Claims' order denying his claim for worker's compensation benefits. The JCC did not find credible Blanco's claim that exposure to construction or cement dust from his job site during his short-term employment with Creative Management Services caused his respiratory condition. The JCC also agreed with the expert medical opinion that Blanco's seventeen-year history of smoking cigarettes caused his respiratory condition. Blanco makes several arguments for reversal. Finding no error, we affirm.

*Facts*

Blanco smoked cigarettes for seventeen years before he began work with CMS. Blanco's accounts of how much he smoked varied. The number of cigarettes he claimed that he smoked daily ranged from half a pack per day up to three packs per day. In mid-November 2017, his primary care doctor noted that Blanco was still smoking heavily and that he reported more frequent use of an inhaler. The doctor also recorded in his notes of Blanco's visit a diagnosis of probable chronic obstructive pulmonary disease.

Weeks after the November visit to his doctor, Blanco started work with CMS to set up booths for an art show. The job required Blanco to move furniture, build walls and booths, paint, and hang signs. During the eleven days he worked for CMS, Blanco claimed that he saw dust and debris in the air at the job site. According to Blanco, other workers were milling or grinding concrete at the loading dock. Blanco stated that a crew would periodically sweep and hose down the area, but it did not control the dust. He claimed that he had trouble breathing and was using his inhaler more often while at the job site. On the morning of December 5th, Blanco woke up and had trouble breathing. His wife called 911 and paramedics transported Blanco to the emergency room in respiratory distress. Doctors diagnosed him with advanced COPD and an acute exacerbation of unspecified asthma. Blanco made a claim for worker's compensation benefits, alleging that the exposure to dust and debris at the CMS job site caused him to suffer from COPD. The E/C denied compensability on grounds that the alleged on-the-job exposure to dust was not the major contributing cause of Blanco's respiratory condition.

*Analysis*

Blanco raises five arguments challenging the JCC's order denying benefits. We affirm on all and write only to address his arguments about the admission of expert testimony and the evidence supporting the JCC's order denying benefits.

Blanco contends that no competent, substantial evidence supports the JCC's decision to deny benefits. We disagree. Blanco had the burden to prove his claim. We review the JCC's findings of

fact to determine whether competent, substantial evidence supports the JCC's findings. *See, e.g., Mylock v. Champion Int'l,* 906 So.2d 363 (Fla. 1st DCA 2005). A decision in favor of the party without the burden of proof need not be supported by competent, substantial evidence. *See Fitzgerald v. Osceola Cty. Sch. Bd.*, 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008); *Mitchell v. XO Commc'ns,* 966 So.2d 489, 490 (Fla. 1st DCA 2007). As this court observed in *Mitchell,* "a JCC may reject in whole or in part even uncontroverted testimony the JCC disbelieves." *Id.* (citing following a no contest plea).

Here, the JCC concluded that Blanco did not meet his burden to show that exposure to dust and debris at the CMS job site was the major contributing cause of his respiratory condition. The JCC rejected Blanco's testimony about the alleged cause of his condition. The JCC had a chance to observe Blanco's demeanor and found that he lacked credibility. He also found that Blanco was an unreliable witness based on the substantially incomplete and contradictory medical histories he provided to his doctors. As a result, the JCC concluded that Blanco failed to meet his burden to show that he suffered an accident from exposure "in the course and scope of his employment." The JCC was in the best position "to evaluate and weigh the testimony and evidence based on its observation of the bearing, demeanor, and credibility of the witnesses." *Shaw v. Shaw*, 334 So. 2d 13, 16 (Fla. 1976). For this reason, we find no abuse of discretion by the JCC in his finding that Blanco failed to meet his burden of proof.

Even so, Blanco challenges the JCC's admission of testimony in support of the E/C. Blanco argues that the JCC should have excluded the medical opinion offered by the E/C's independent medical examiner, Dr. McCluskey. He opined that Blanco's seventeen-year smoking habit was the major contributing cause of his need for treatment of his respiratory condition in December 2017—rather than his alleged exposure to debris during the eleven days he worked for CMS. The JCC found the expert's testimony persuasive. But Blanco claims that Dr. McCluskey was not qualified to render the opinion because he is not a board-certified internist or pulmonologist.

3

We review the JCC's decision for an abuse of discretion. *See King v. Auto Supply of Jupiter, Inc.*, 917 So. 2d 1015, 1017 (Fla. 1st DCA 2006). And we observe "that the determination of a witness's qualifications to express an expert opinion is peculiarly within the discretion of the trial judge, whose decision will not be reversed absent a clear showing of error." *Anderson v. State*, 863 So. 2d 169, 179 (Fla. 2003) (citations omitted).

Based on our review of the record, we find no abuse of discretion here. Dr. McCluskey testified that he is board-certified in occupational medicine and has a PhD in toxicology. He also testified about his extensive experience in determining the cause of exposure injuries like Blanco's alleged injury. But despite Dr. McCluskey's medical training and expertise, Blanco argues that Dr. McCluskey could not serve as an expert because he is not "board certified" in internal medicine or pulmonology. Yet section 440.13(5)(a), which provides for the selection of an IME, does not limit that selection to a board-certified physician.

Still, Blanco argues that Dr. McCluskey was not qualified to render an opinion on the cause of Blanco's respiratory condition because he is not a pulmonologist.[*] Blanco's argument presumes that only a pulmonologist—a specialist in the *treatment* of respiratory disease—was qualified to testify on the disputed issue of *causation* of Blanco's condition. But Blanco ignores that Dr. McCluskey is a board-certified occupational medicine specialist with extensive experience in exposure cases leading to pulmonary problems. In *Chavez v. State*, 12 So. 3d 199, 205 (Fla. 2009), the Florida Supreme Court explained that, under the rules of evidence, "[a] witness may be qualified as an expert through specialized knowledge, training, *or* education, which is not limited to academic, scientific, or technical knowledge." Even though Dr. McCluskey is not board certified as a pulmonologist, his board certification in occupational medicine, his extensive training, and

---

[*] Blanco did not present any argument or evidence to show that Dr. McCluskey rendered an opinion "outside his . . . area of expertise, as demonstrated by licensure and applicable practice parameters" as prohibited under the specific IME provision in Chapter 440. *See* § 440.13(5)(a), Fla. Stat. (2017).

4

experience in exposure cases establish his qualifications to opine on the disputed issue of causation.

But even if Dr. McCluskey were properly qualified as an expert, Blanco argues that the JCC had to strike Dr. McCluskey's IME report as untrustworthy per se. In denying Blanco's motion to strike the IME report, the JCC relied on *Heckford v. Fla. Dep't of Corrections*, 699 So. 2d 247 (Fla. 1st DCA 1997) (finding IME report admissible under the business records exception). In arguing for reversal, Blanco relies on *McElroy v. Perry*, 753 So. 2d 121, 126 (Fla. 2d DCA 2000). There, the court held that the IME report at issue—prepared solely for litigation—fell in the suspect category of trustworthiness as identified by Professor Ehrhardt in *Florida Evidence* § 803.6 at 695 (1999 ed.). *McElroy*, 753 So. 2d at 125. Although one of the IME physicians in *McElroy* testified about his opinions, the court found that it did not follow that "his written report, which is hearsay, becomes admissible." *Id*. at 126.

Apparently overlooking the *Heckford* opinion cited by the JCC, the *McElroy* court noted that its review of the case law revealed no Florida cases addressing the IME report as a business record. The court held that IME reports are not admissible under the business records exception because they lack the trustworthiness that business records are presumed to have. Blanco argues that the JCC should have excluded Dr. McCluskey's report as untrustworthy because the E/C obtained the report with the specific intent to defend against Blanco's claims. We disagree.

The holding in *McElroy* does not apply in workers' compensation cases for at least three reasons. First, Chapter 440 specifically provides for the selection of IME doctors to resolve disputes. *See* § 440.13(5)(a), Fla. Stat. (2017). Second, the admissibility of medical opinions in workers' compensation disputes is limited to certain providers, which *includes* IME doctors. *See* § 440.13(5)(e), Fla. Stat. (2017). Third, the *McElroy* court expressed concern about the effect of an IME report, which may be cumulative, on a *jury*; in workers' compensation cases there is no jury and the JCC, the factfinder, is also the one who determines the admissibility or trustworthiness of the evidence. Thus, the JCC did not err by accepting Dr. McCluskey's opinion on causation.

AFFIRMED.

B.L. THOMAS, ROWE, and M.K. Thomas, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Divya Khullar of Khullar, P.A., Tamarac, for Appellant.

Rayford H. Taylor of Hall Booth Smith, P.C., Atlanta, for Appellees.