DAVIS, J.
Arvida River Hills Country Club and Zurich American Insurance Group (employer and carrier, respectively, hereinafter E/C) appeal an order rendered June 10, 1998, finding Joan Van Slyke permanently totally disabled as a result of compensable accidents which occurred in the course and scope of her employment on May 1, 1996 and August 28, 1996. The sole issue raised on appeal is whether the judge of compensation claims (hereinafter JCC) committed reversible error by not sua sponte ordering an evaluation by an expert medical advisor in the absence of any timely request by a party. We affirm.
The medical evidence in this case consists of depositions taken before the final hearing. At the April 22, 1998, hearing it was the E/C’s position that “the medical records speak for themselves....” Far from arguing (even at that late date) that the medical testimony contained conflicts requiring the appointment of an expert medical advisor, the E/C argued that the medical testimony clearly established a lack of compensability. Not until nine days after rendition of the order awarding benefits did the E/C move for appointment of an expert medical advisor and argue in the alternative that the order should be vacated because the JCC failed to satisfy an independent obligation to appoint such an advisor.
The post-hearing request for appointment of an expert medical advisor was not timely. See W.S. Badcock Corp. v. Knight, 720 So.2d 619 (Fla. 1st DCA 1998). The JCC’s failure to order an evaluation by an expert medical advisor in the absence of a timely request by a party is not a fundamental error. It would adversely impact the administration of justice to permit a party to ignore their obligation to diligently defend, and to wait until after an adverse order has been rendered, to raise this issue. As this court suggested in Palm Springs General Hosp. v. Cabrera, 698 So.2d 1352, 1355 n. 3 (Fla. 1st DCA 1997), a party who did not seek an evaluation below *1214 should not “be heard on appeal to complain of the failure to designate an expert medical advisor.” The rules of procedure governing workers’ compensation proceedings provide ample opportunity for pretrial determination of the issues. See Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355 (Fla. 1st DCA 1998). The parties have an obligation to diligently prosecute or defend the claim or petition. See Fla. R. Work. Comp. P. 4.075(b). Particularly in view of the fact that all of the medical testimony was adduced in pretrial depositions and the conflicts now relied upon did not surface by surprise at the hearing, the E/C have not demonstrated that this case presents “extraordinary circumstances” justifying the taking of post-hearing evidence. See Fla. R. Work. Comp. P. 4.085(h); cf. Helmsman Mgmt. Servs. v. Garner, 725 So.2d 1188 (Fla. 1st DCA 1998).
Accordingly, we AFFIRM.
ERVIN and ALLEN JJ., CONCUR.