951 So.2d 914 (2007)
Carrol D. PIGG, Appellant,
v.
BALDERSON, INC., Appellee.
No. 1D06-2532.
District Court of Appeal of Florida, First District.
February 21, 2007.
*915 Carrol D. Pigg, pro se, Appellant.
Kendall Erin Mills-Conrad and Wilbur W. Anderson of Eraclides, Johns, Hall, Gelman, Jacksonville, for Appellee.
PER CURIAM.
In this workers' compensation appeal, claimant, Carrol D. Pigg, appearing pro se, appeals an order of the Judge of Compensation Claims (JCC) which denied his petition for permanent total disability (PTD) benefits filed on May 21, 2005. For the reasons that follow, we affirm.
Claimant was working for Balderson, Inc., appellee, when he injured his right shoulder on August 24, 1998. Claimant, through an attorney, filed a petition for PTD benefits. On December 21, 2001, the JCC entered an order denying PTD benefits. Claimant did not appeal this order. In December 2003, through a second attorney, claimant filed a new petition for PTD benefits which was dismissed. No petition for modification demonstrating any change of circumstances has been filed.
On May 21, 2005, claimant filed a pro se petition seeking PTD benefits. At the final hearing on this petition, claimant raised the same facts presented with respect to the 2001 petition and sought to introduce documents he asserted should have been presented at his first merits hearing. On the employer's objection, the JCC ruled that this new evidence could not be admitted, and concluded that claimant's 2005 petition was barred by the doctrine of res judicata. We agree with the JCC that claimant's petition is barred by res judicata. As the Florida Supreme Court stated in Florida Department of Transportation v. Juliano, 801 So.2d 101, 105 (Fla.2001)(emphasis in original)(quoting Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984)):
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to *916 every other matter which might with propriety have been litigated and determined in the action.
Section 440.28, Florida Statutes (1997), does allow any party in interest to file a petition for modification "on the ground of a change in condition or because of a mistake in a determination of fact." This petition, however, must be filed "prior to 2 years after the date of the last payment of compensation pursuant to the compensation order the party seeks to modify, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties. . . ." Id. Thus, even if we were to view the claimant's 2005 petition as a petition under section 440.28, the petition was untimely.
Accordingly, we affirm the order on appeal.
BARFIELD, VAN NORTWICK, and THOMAS, JJ., concur.