PER CURIAM.
 

 Claimant appeals the Judge of Compensation Claims’ (JCC) order denying psychiatric care, indemnity benefits, pain management, and all future benefits. Claimant argues the JCC abused his discretion by denying his multiple attempts to obtain deposition testimony from his medical witnesses. We agree, and reverse.
 

 Background
 

 Claimant was injured in two compensa-ble workplace accidents while working for the Employer. Claimant filed two petitions for benefits (PFBs) requesting indemnity benefits, pain management and psychiatric care.
 

 The cases were consolidated and mediation occurred on December 4, 2007, at which time the parties did not resolve any of the pending issues. Following mediation, the parties exchanged pretrial statements, and on December 12, 2007, the JCC entered a pretrial order which noticed the merit hearing for (29 days later) January 10, 2008. In the pretrial stipulation, the parties listed and fully disclosed all relevant witnesses and documentary evidence.
 

 After mediation, both parties began efforts to complete discovery for the merit hearing scheduled for January 10, 2008. Beginning the day after mediation (December 5, 2007), Claimant’s counsel made numerous phone calls to counsel for the employer/carrier (E/C) for the purpose of coordinating medical depositions for Claimant’s case in chief. Counsel for the E/C refused to coordinate or schedule the depositions because he was going to be out of town.
 

 The E/C scheduled a psychiatric IME to occur on December 11, 2007. Claimant attended the E/C’s IME without objection. Additionally, after the entry of the pretrial order, the E/C took the deposition of two doctors (with the cooperation of Claimant’s counsel) on December 18, and December 17, 2007.
 

 Because the E/C refused to cooperate with his efforts, Claimant’s counsel unilaterally scheduled the depositions of three doctors, to occur prior to the hearing. On December 14, 2007, Claimant filed a motion to take a post-hearing deposition of a fourth doctor, an authorized neurosurgeon.
 

 On December 17, 2007 (the day the E/C took its last deposition needed for trial), counsel for the E/C filed a motion for protective order seeking to quash all four of Claimant’s scheduled depositions, arguing it would be impossible for him to attend because he had a scheduled vacation. Claimant filed a formal response requesting the JCC’s permission to take the doctors’ depositions.
 

 On December 21, 2007, the JCC entered an order granting the E/C’s motion for protective order, quashing Claimant’s notices of deposition, and denying an alternative request for continuance. The JCC denied Claimant’s requested relief, primarily, because Claimant did not attempt to set the discovery before mediation.
 

 On January 7, 2008, Claimant filed another motion to continue so he could take the depositions which had been quashed by the JCC. The JCC denied all of Claimant’s attempts to gather the needed testimony based on a
 
 per se
 
 application of a purported discovery cut-off. The merit hearing proceeded with Claimant testifying live. He was not allowed to introduce his intended medical testimony.
 

 
 *27
 
 Following the hearing, the JCC entered a final order denying all requested benefits and all future benefits to which Claimant could become entitled. In making these findings, the JCC relied almost exclusively on the depositions taken by the E/C after the purported discovery cut-off.
 

 Analysis
 

 Although this court decidedly does not condone violations of deadlines contained in pretrial orders (an occurrence not apparent in this case), in workers’ compensation proceedings, even the testimony of undisclosed witnesses can be allowed into evidence upon a case-specific determination as to whether admission of the evidence would result in actual procedural prejudice to the objecting party.
 
 See Med. Logistics, Inc. v. Marchines,
 
 911 So.2d 823, 824 (Fla. 1st DCA 2005) (citing
 
 Binger v. King Pest Control,
 
 401 So.2d 1310 (Fla.1981)).
 

 Here, the JCC’s exclusion of testimony from properly disclosed witnesses, based on a
 
 per se
 
 application of his interpretation of the administrative rules, is not only antithetical to the analysis prescribed in
 
 Binger,
 
 but is also in direct conflict with the specific legislative intent of the Florida Workers’ Compensation Law.
 
 See
 
 § 440.015, Fla. Stat. (2006) (“It is the specific intent of the Legislature that workers’ compensation cases shall be decided on their merits.”).
 

 The exclusion of evidence is a drastic remedy, which should occur only in the most compelling circumstances, and only after the JCC has made a case-specific determination as to whether the admission of the evidence would result in actual procedural prejudice to the objecting party.
 
 See Med. Logistics, Inc.,
 
 911 So.2d at 824. Here, the JCC quashed depositions set by Claimant, and denied all of Claimant’s attempts to present medical testimony without considering any discretionary factors such as prejudice. In doing so, the JCC abused his discretion.
 

 The order of the JCC’s order is REVERSED and the case REMANDED with instructions that the claims be reheard after allowing the Claimant sufficient time to complete the depositions that were quashed.
 

 VAN NORTWICK, PADOVANO, and CLARK, JJ., concur.