PER CURIAM.
 

 Claimant raises two issues: 1) the Judge of Compensation Claims (JCC) erred by finding Claimant’s compensable accident was “no longer” the major contributing cause (MCC) of her condition and need for treatment; and 2) the JCC erred by denying entitlement to medical treatment for injuries she previously found compensable. For the reasons explained below, we agree and reverse.
 

 Claimant was in a work-related motor vehicle accident which Claimant asserted caused injuries to her cervical and thoracic spine, knees, and ankles, and either caused or aggravated her migraine headaches. The employer/earrier (E/C) asserted Claimant’s injuries were pre-existing. In her 2007 order, the JCC addressed Claimant’s prior accidents and pre-existing conditions, but ultimately accepted the opinion of Claimant’s expert that the 2004 compen-sable motor vehicle accident was the MCC of Claimant’s injuries, and awarded medical treatment for them.
 

 Claimant subsequently filed additional petitions for benefits seeking, inter alia, authorization of the medical care previously awarded, but suspended by the E/C. During litigation, the E/C presented Claimant’s new treating doctors with records concerning her prior accidents and injuries that were not presented to either the medical experts or the JCC prior to the 2007 order. Based on these records, the doctors opined the compensable accident was not the MCC of Claimant’s injuries. The JCC accepted these opinions and denied entitlement to further medical treatment for the injuries she previously found compensable, finding the compensa-ble accident was no longer the MCC of Claimant’s “condition” or need for treatment.
 

 Relying on our decision in
 
 City of Ocoee v. Trimble,
 
 929 So.2d 687 (Fla. 1st DCA 2006), the JCC found res judicata did not apply, because the holding in that case distinguished between the concepts of compensability and a claimant’s entitlement to treatment or other benefits. While we did make this distinction in
 
 Trimble,
 
 the JCC misapplied it here.
 

 Once compensability is established, an E/C can no longer contest that the accident is the MCC of the injuries at issue. It can only contest the connection between a claimant’s need for specific treatment or benefits, and the industrial accident.
 

 
 *615
 
 Compounding this error was the fact that the opinions upon which the JCC relied in making this finding were, in turn, based on records that pre-dated the com-pensable accident, and could have been presented to the experts who testified pri- or to the 2007 merits hearing, and to the JCC before she issued her 2007 order. For reasons not clear from the record, the E/C failed to do so. The JCC’s reliance on this evidence effectively gave the E/C “another bite at the apple.” This was error.
 
 See Pigg v. Balderson, Inc.,
 
 951 So.2d 914, 915 (Fla. 1st DCA 2007) (affirming JCC’s refusal to consider evidence that should have been presented at prior hearing where claimant sought permanent total disability benefits after order denying pri- or request for such benefits).
 

 By failing to apply the doctrine of res judicata to the issue of the MCC of Claimant’s injuries, the JCC also erred by denying entitlement to treatment for those injuries she found compensable in her 2007 order. Accordingly, this matter is REVERSED and REMANDED for proceedings consistent with this opinion.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.