PER CURIAM.
 

 Claimant appeals the Judge of Compensation Claims’ (JCC’s) denial of his claim for medical treatment for a back injury stipulated compensable by the parties. Because the employer/carrier (E/C) failed to meet its burden of proof to refute the connection between the stipulated back injury and the requested medical treatment, competent substantial evidence does not support the JCC’s denial of treatment. We reverse.
 

 Claimant injured his left knee in a com-pensable motor vehicle accident in 1984. He began experiencing low back pain in 2003 when he “straightened up” after executing a pool shot. In 2007, Claimant filed a petition for benefits seeking a determination that his low back condition was a compensable injury. On March 6, 2008, the JCC signed an order approving the stipulations of the parties which in relevant part stated “[t]he [E/C] has agreed to accept compensability of the back and to provide treatment for the back with David R. Chandler, M.D.”
 

 Dr. Chandler examined Claimant on May 12, 2008. In a May 12, 2008, letter, Dr. Chandler opined that Claimant’s “symptomatology of his back was related to underlying disc degeneration, a nonindustrial strain, scoliosis and basically aging of the spine and was not referable to his back injury or work injury to his knee in 1984.” On that basis, the E/C took the position it had complied with the stipulation, and, because “Dr. Chandler opined back is pre-existing and not related,” denied responsibility for the requested back treatment.
 

 Relying on
 
 Engler v. American Friends of the Hebrew University,
 
 18 So.3d 613 (Fla. 1st DCA 2009), the JCC found that the E/C was not barred from
 

 challenging the connection between the industrial accident and Claimant’s current need for treatment of his back. As of May 12, 2008, the only treatment recommended by Dr. Chandler was continuation of the medication prescribed by Dr. Thigpen for Claimant’s back condition. Chandler clearly indicated that
 
 *383
 
 this treatment was not related to the 1984 industrial accident.
 

 On that basis, the JCC denied the requested treatment for the back because there was “no causal connection between the treatment currently recommended for Claimant’s low back and the industrial accident.”
 

 The JCC correctly noted the parties’ stipulation that the back injury was compensable did not preclude the E/C from challenging the causal relationship between the requested treatment and the back injury.
 
 See Engler,
 
 18 So.3d at 614. Based on the stipulation as approved by the JCC — that the back was a compensa-ble injury — Claimant met his initial burden of proof to establish entitlement to the requested treatment, as it was not disputed that the treatment was for the back. The burden then shifted to the E/C to provide medical evidence that the causal connection between the compensable back injury and the requested treatment was broken.
 

 The JCC erroneously relied on Dr. Chandler’s opinion to find that the E/C carried its burden of proof. The record lacks evidence that Dr. Chandler was made aware of the legal posture of the claim: the back injury was compensable. For instance, in his May 12, 2008, report, the doctor stated:
 

 More probably than not, the patient’s back problems are nonindustrial. I would have a greater probability of ascribing this to the pool incident or ongoing degeneration. Twenty years from the time of his accident, I would think that this does not meet the standard that I would attribute his back pain to his prior work injury.
 

 Thus, Dr. Chandler’s deposition testimony — that the back problems began with the pool shooting incident — was not competent substantial evidence to support the E/C’s defense that the medical treatment was not necessitated by the compensable back injury.
 

 Because the parties stipulated that the back was a compensable injury, it was necessary for the E/C to demonstrate a break in the causation chain, such as the occurrence of a new accident or that the requested treatment was due to a condition unrelated to the injury which the E/C had accepted as compensable. This dispute might never have arisen if the parties and the JCC took care to define the com-pensable injury. An agreement that the back injury was compensable does little in limiting the E/C’s area of responsibility, nor does it give Claimant guidelines as to what treatment he should be requesting from the E/C. The JCC requires this specific information in order to make a determination whether the requested treatment is indeed related to the compensable injury. Confusion is also generated by the inexact and conflated use of the terms “accident” and “injury.” An accident results in injuries which require treatment. Generally, treatment is not furnished for an accident, but for an injury.
 
 See
 
 § 440.13(2)(a), Florida Statutes. Thus, it is not the accident that the treatment must relate to; it is the injury. This case well illustrates the point — the agreement that the back injury was compensable arose more than twenty years after the accident. Clearly, the 1984 motor vehicle accident did not result in a back injury at that time. Rather, circumstances arose later which resulted in a determination that the back injury was legally related to the 1984 accident. Asking the doctor whether the current treatment is related to the 1984 accident without providing the legal posture of the case is not likely to result, as it failed to do here, in an opinion supporting a break in the causal connection.
 

 
 *384
 
 The order is reversed and the matter remanded to the JCC for entry of an order awarding the requested treatment.
 

 WOLF, BENTON, and PADOVANO, JJ., concur.