46 So.3d 123 (2010)
ST. JOHNS RIVER POWER PARK/SCIBAL ASSOCIATES (Improperly Denominated Jea/Scibal Associates in the Final Order), Appellants,
v.
Buddy R. GRIFFIS, Jr., Appellee.
No. 1D09-5756.
District Court of Appeal of Florida, First District.
October 18, 2010.
Richard M. Stoudemire of Boyd & Jenerette, P.A., Jacksonville, for Appellants.
W. Marc Hardesty and Michael S. Tyde of Hardesty, Tyde, Green & Ashton, P.A., Jacksonville, for Appellee.
PER CURIAM.
AFFIRMED.
CLARK and MARSTILLER, JJ., concur; THOMAS, J., dissents with opinion.
THOMAS, J., dissent.
I respectfully dissent. In this case, Claimant sought a determination that his psychiatric condition was compensable. The Employer/Carrier denied the claim, asserting that the workplace injury was not the major contributing cause of Claimant's psychiatric condition. Because the Claimant failed to meet the required burden of proof, I would reverse the Judge of Compensation Claims' (JCC's) award of psychiatric treatment.
Claimant sought treatment for his diagnosed depression, which he alleged occurred as a manifestation of a compensable *124 physical injury. The relevant statutory provision is section 440.093(2), Florida Statutes (2004). Pursuant to this statute, Claimant had the burden to prove that "[t]he compensable physical injury [was] and remain[ed] the major contributing cause of the mental or nervous condition and the compensable physical injury as determined by reasonable medical certainty [was] at least 50 percent responsible for the mental or nervous condition as compared to all other contributing causes combined." § 440.093(2), Fla. Stat. (2004).
The questions posed to Dr. Grobles were not sufficiently precise to address the causal relationship between Claimant's compensable right femur injury and his psychiatric condition, because the questions failed to exclude the low back injury that the JCC determined was no longer related to the workplace injury. This court recently reversed a JCC's denial of medical treatment because the employer/carrier, through the use of imprecise deposition questions, failed to carry its burden of proof to establish a break in the causation chain. See Jackson v. Merit Electric, 37 So.3d 381, 383-84 (Fla. 1st DCA 2010) (reversing denial of medical treatment because employer/carrier failed to advise doctor of correct legal posture of case, thus, doctor's testimony was not competent, substantial evidence to support denial of requested treatment).
Similarly, here, Dr. Grobles was not made aware that Claimant's low back condition was no longer a compensable injury. Neither the admissible evidence nor reasonable inferences drawn therefrom support the JCC's finding that Claimant's compensable physical injury was the major contributing cause of Claimant's psychiatric injury.