PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals from an order of the Judge of Compensation Claims (JCC) denying, among other benefits, temporary partial disability (TPD) benefits, on the ground that Claimant failed to prove a causal connection between the accident and his subsequent wage loss. Because it is not clear from the final order that the JCC applied the correct rule of law, we reverse the denial of TPD benefits and the denial of penalties, interest, costs, and attorney’s fees pertaining thereto, and remand for further proceedings.
 

 As part of establishing entitlement to TPD benefits, “[a] claimant must show a causal connection between his or her injury and a subsequent wage loss.”
 
 Arnold v. Fla.’s Blood Ctrs., Inc.,
 
 949 So.2d 242, 247 (Fla. 1st DCA 2007). Claimant, in seeking TPD benefits here, submitted evidence intended to meet this requirement. The JCC, in the final order, recited the rule from
 
 Arnold,
 
 and found Claimant “has failed to prove a causal connection between his work-related injury and resulting wage loss,” but did not explicitly accept or reject Claimant’s evidence of a causal connection between the injury and wage loss. Instead, in the subsequent three paragraphs, the JCC set forth detailed findings that Claimant did
 
 *2
 
 not establish a sufficient causal relationship between his accident and his injury, findings relevant to section 440.09, Florida Statutes, which concerns whether an accident or injury is covered by workers’ compensation — that is, its compensability. Findings on compensability were extraneous in this case because, as the JCC specifically found and as the record indicates, the E/C accepted the injury as compensa-ble. Once the E/C accepted the injury as compensable, the initial connection of the accident to the injury was no longer disputed.
 
 See Engler v. Am. Friends of Hebrew Univ.,
 
 18 So.3d 613 (Fla. 1st DCA 2009). Thus, the presence of these findings in the final order suggests that the JCC erroneously conflated, or supplanted, the
 
 Arnold
 
 rule for establishing entitlement to TPD benefits with the rule for establishing compensability.
 

 Consequently, we REVERSE the final order, and REMAND for further proceedings in accordance with this opinion.
 

 BENTON, C.J., WEBSTER and LEWIS, JJ., concur.