PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that accepts the opinion of one medical doctor over another and thereby denies benefits to Claimant. Notably, Claimant does not challenge the issue of whether the record evidence supports the denial of benefits. Rather, Claimant raises a very specific legal argument, positing that, although he never made a request for the JCC to appoint an expert medical advisor (EMA) as provided for in section 440.13(9)(c), Florida Statutes (2008), the JCC committed fundamental error by not appointing, sua sponte, an EMA to resolve the disagreement in medical opinions. Claimant further argues that a JCC has no “jurisdiction” to resolve medical disagreements unless an EMA is first appointed. Upon receipt of Claimant’s initial brief, this Court entered an order advising the parties that this appeal was being considered for summary affirmance under Florida Rule of Appellate Procedure 9.315(a). Accordingly, the parties were directed to refrain from further briefing and that we would decide the matter before us on a summary basis.
Although Claimant’s arguments are not frivolous — in the sense that Claimant advances one possible interpretation of the statute at issue — they are completely unavailing because this court has already squarely addressed the issues presented in this appeal. Without equivocation, this court has held that a JCC’s failure to order an EMA evaluation is not fundamental error. Although a JCC is required to appoint an EMA where there is a disagreement in medical opinions, a party who does not timely seek the appointment of an EMA below will not “be heard on appeal to complain of the failure to designate an [EMA].” See Arvida River Hills Country Club v. Van Slyke, 728 So.2d 1213, 1214 (Fla. 1st DCA 1999)(“The JCC’s failure to order an evaluation by an [EMA] is not fundamental error.”); see also Palm Springs Gen. Hosp v. Cabrera, 698 So.2d 1352, 1355 n. 3 (Fla. 1st DCA 1997)(“We do not suggest that failure to order [an EMA] constitutes fundamental error, or that a party that does not seek evaluation below will be heard on appeal to complain of the failure to designate an [EMA].”).
To the extent that Claimant argues that a JCC does not have “jurisdiction” to resolve medical disputes (presumably Claimant refers to subject-matter jurisdiction), Claimant presents no meaningful argument or legal authority to support this novel proposition. Contrary to Claimant’s argument in this regard, this Court has consistently held that it is the JCC’s role *938 and duty to resolve disputes in medical testimony. See, e.g., White v. Bass Pro Outdoor World, LP, 16 So.3d 992, 994 (Fla. 1st DCA 2009) (“In a workers’ compensation proceeding, the JCC is the finder of fact, who like the juries of this state, is given broad fact-finding powers. A fact-finder may accept or reject an expert’s testimony or give it the weight deserved considering the knowledge, skill, experience, training, or education of the witness ....”). And lest it be overlooked, this Court’s case law relating to timeliness of EMA requests as discussed above is predicated on a conclusion that, unless a timely request is made, it is the JCC’s role to resolve such medical disputes. Further, section 440.25(4)(3), Florida Statutes (2008), requires a JCC to draft compensation orders containing his or her ultimate findings of fact, and, even where an EMA is appointed, a JCC may still be called upon to make findings of fact to resolve divergent medical opinions. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1163-64 (Fla. 1st DCA 2008) (holding where EMA does not offer definitive or conclusive opinion, JCC is not bound by such opinion and may use EMA opinion as source of assistance to resolve disputed medical issue). One need not pause long to think what Claimant’s “jurisdictional” position would be had the JCC found in his favor (and for good reason). The need for predictable and orderly proceedings (removing incentives for a party to wait until after the outcome of the case is decided before insisting on the appointment of an EMA) is the very reason why this Court has consistently held that an EMA must be requested timely by the party seeking such relief on appeal. See Van Slyke, 728 So.2d at 1214. Because Claimant fails to raise a preliminary basis for reversal of the order on appeal or the overturning of well-established precedent of this Court, and further, because the arguments relied upon for reversal were not preserved for appellate review, summary affirmance is appropriate.
AFFIRMED.
BENTON, C.J., DAVIS, and ROBERTS, JJ., concur.