PER CURIUM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying Claimant’s pro se request for a continuance of the final hearing to allow her additional time to seek alternate representation. Because the JCC provided an insufficient basis in the final compensation order to determine whether the correct rule of law was followed, we reverse.
Sometime after filing a petition for benefits (PFB) and completing a pretrial stipulation on Claimant’s behalf, Claimant’s former attorney filed a motion to withdraw as attorney of record citing “irreconcilable differences” between himself and Claimant. The JCC granted the attorney’s motion, and confirmed the date and time of the previously noticed final hearing to take place in approximately seven weeks. Along with a copy of the order, Claimant was sent a letter by the office of the JCC recommending that she “seek representation as soon as possible” and advising her that she must attend the final hearing either by herself or, with her attorney, if then represented.
At the final hearing, Claimant appeared without counsel. She stated that she had spoken to her former attorney that morning, and that there had been a “misunderstanding” and “miscommunication.” Nevertheless, Claimant acknowledged that she understood her former attorney no longer represented her. Moreover, she confirmed that she had looked for another attorney without success. Based on advice given her that morning by her former attorney, Claimant requested a postponement, or continuance, of the final hearing to allow her an additional two weeks to find an attorney. The attorney for the Employer/Carrier (E/C) objected to any continuance on the ground that Claimant had been previously notified of the need to find new counsel for the hearing.
In response to Claimant’s ore tenus request for a continuance, the JCC asked Claimant questions concerning the circumstances giving rise to the need for the continuance, but only to the extent of determining that Claimant had looked for another attorney without success. It is clear from the discussion on the record that the JCC’s primary concern regarding any continuance was meeting the time requirements set forth in the procedural provisions of section 440.25, Florida Statutes (2012). Subsection 440.25(4)(d) requires that the final hearing be held within 210 days from the filing of the PFB. As the JCC explained to Claimant at that time, the timeframes under this statute estab *985 lished a final hearing date deadline in this case only two weeks from the scheduled hearing date. Although Claimant stated at the hearing that she could find an attorney within two weeks, the JCC expressed doubt in light of Claimant’s apparent lack of success in finding an attorney in the time that had elapsed since the withdrawal of her former attorney. Ruling on the record, the JCC then denied Claimant’s request for a continuance “due to those statutory time constraints.” The final hearing proceeded with the Claimant appearing on her own behalf. The attorney for the E/C conducted no cross-examination of Claimant and presented no live witnesses.
Following the final hearing, the JCC entered a final compensation order denying Claimant the benefits claimed in the PFB. In the final compensation order, the JCC reiterated the facts surrounding Claimant’s request for a continuance and concluded that he had denied the request “based on the statutory requirement that a hearing be held within 210 days of the filing of a petition, and finding that the [C]laimant had ample notice of the date of the hearing and of the nature of the hearing....” In this appeal, Claimant challenges the denial of her request for continuance on the following grounds: (1) the JCC committed reversible error by applying an incorrect rule of law; (2) the JCC abused his discretion; and (3) the statute, if correctly interpreted by the JCC as establishing inflexible time requirements, violates her First Amendment rights and her right of due process under the federal Constitution.
Our review of an erroneous application of the law is de novo. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Application of an incorrect rule of law is reversible error. Id. See also, Houck v. Lee County Bd. of County Comm’rs, 995 So.2d 1102, 1103 (Fla. 1st DCA 2008) (holding reversal and remand to be appropriate where JCC applied incorrect standard to permanent total disability claim); Cromartie v. City of St. Petersburg, 840 So.2d 372, 373 (holding failure to apply correct legal principle, or provide sufficient basis to determine whether appropriate legal principles have been followed, is ground for reversal). In light of findings in the final compensation order, as well as the record transcript, it would be difficult to rule out that the JCC relied heavily, if not exclusively, on the statutory time-frames in making his ruling on the request for a continuance. The timeframes established in section 440.25, however, are neither inflexible nor inviolable. Subsection 440.25(4)(d) specifically grants a claimant the power to “waive the timeframes within ... section [440.25] for good cause shown.” There is nothing in the record or final compensation order to suggest that the JCC recognized or considered that the timeframes — far from being invariables in the analysis — were subject to waiver by Claimant upon ‘'good cause shown.”
Even assuming that the JCC’s determination was not based on an inflexible application of the time requirements of section 440.25, we would still be compelled to reverse the denial of a continuance in this case. Subsection 440.25(4)(b) specifically provides that “continuances [of final hearings] may be granted only if the requesting party demonstrates to the judge of compensation claims that the reason for requesting the continuance arises from circumstances beyond the party’s control.” Under the clear statutory language of this subsection, the .correct rule of law to determine the appropriateness of a continuance of a final hearing is whether the need for a continuance “arises from,” meaning there is a sufficiently compelling causal relationship, to “circumstances beyond the control *986 of the party.” The JCC here made no reference to “circumstances beyond Claimant’s control” at any time during the hearing or in his final compensation order, and made no efforts to determine if Claimant’s need for a continuance emanated from circumstances over which she had no meaningful control. There are no specific findings establishing the reason for Claimant’s inability to obtain alternate representation by the time of the final hearing — let alone whether the reason may have arisen from circumstances beyond her control. Although the JCC found that Claimant had “ample notice” of the final hearing date and had looked for another attorney, without the proper context of other findings related to the reason for the request for a continuance, these findings do little to answer the question of whether the reason arose from “circumstances beyond Claimant’s control.” The final compensation order, therefore, must be reversed and remanded because the JCC failed to provide a sufficient basis for this court to determine whether he applied the appropriate rule of law in denying Claimant’s request for a continuance.
In light of our finding of reversible error requiring the JCC to apply the correct rule of law upon remand, it is arguably unnecessary to determine whether the denial of a continuance appealed in this case also constituted an abuse of discretion. On the other hand, it should be noted that the actual grant of a continuance under subsection 440.25(4)(d) is still discretionary upon application of the correct rule of law. Consequently, discretionary factors, such as injustice to the moving party and prejudice to the opposing party, must also be considered by the JCC. Burgess v. Buckhead Beef Florida, 15 So.3d 25, 27 (Fla. 1st DCA 2009) Our review of the final compensation order here fails to reveal the type of case-specific determination identified in Burgess as necessary to show no abuse of discretion in the denial of a motion to continue.
Finally, Claimant challenges as unconstitutional any interpretation of section 440.25 which holds that the statutory time-frames operate as inflexible restrictions on a request for a continuance. In light of our disposition of this appeal based on the JCC’s failure to make findings as required by the express statutory language permitting a claimant to waive the timeframes “upon good cause shown,” and to seek a continuance when the reason “arises from circumstances beyond the party’s control,” we find these arguments without merit.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SWANSON and OSTERHAUS, JJ., concur.
WETHERELL, J., concurs in result only.