PER CURIAM.
Claimant appeals a final order denying his Petition for Benefits (“PFB”) filed after he fainted and fell at work. Although Claimant raises several issues on appeal, we conclude he failed to prove he suffered an objective injury caused by the fall suffered in the workplace. Specifically, Claimant did not establish existence of an injury through requisite medical testimony. For that reason, we affirm the order.
On July 28, 2011, Claimant was working as a helper at Goodwill Industries, loading bales of fabric or clothing into a machine and then operating a switch on the machine. At some point, while leaning for *1190 ward to operate the switch on the machine Claimant fainted and fell to the ground.
An employer must provide workers’ compensation benefits if an employee “suffers an accidental compensable injury or death arising out of work performed in the course and scope of employment.” § 440.09(1), Fla. Stat. (2011). To be com-pensable under chapter 440, “[t]he injury, its occupational cause, and any resulting manifestations or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings [.] ” § 440.09(1), Fla. Stat. (emphasis added). This, Claimant failed to do.
Two independent medical examiners (“IME”) examined Claimant, and provided competing expert medical testimony regarding whether Claimant had suffered an objective injury resulting from his fall. Dr. Nicholas Suite, a neurologist and Claimant’s IME, diagnosed post-concussive syndrome, post-traumatic headaches, cervical myofascial syndrome, left shoulder derangement, mild lumbar myofascial syndrome, and left rib pain. Dr. Suite initially opined that all conditions were causally related to Claimant’s fall, based on Claimant’s description of the incident. When asked for objective medical findings supporting his diagnoses, Dr. Suite admitted that the headaches, the left shoulder derangement, and the rib pain all were based solely on Claimant’s subjective complaints. And he confirmed that the x-rays and CT scan, taken at the hospital after Claimant fell, detected no injuries. The remaining diagnoses he based on observing Claimant’s slow speech, unsteady gait, and range-of-motion assessment. Ultimately, however, Dr. Suite conceded there was no objective medical evidence connecting these conditions to any injury Claimant sustained in the workplace fall.
The Employer/Carrier’s IME, Dr. Paul Damski, found Claimant’s “main complaints” were “left rib pain and bilateral shoulder and right neck pain.” Although Dr. Damski’s medical report mentioned existence of “various hematomas” indicated in the hospital CT scan, the report stated, “No actual injury to his rib cage was noted on x-rays,” “no skull fracture,” and “no chest pathology on x-ray.” Moreover, Dr. Damski could not connect Claimant’s shoulder and neck pain to the fall (“... he supposably [sic] did not complain of that at the hospital and he couldn’t really tell me when it started.”). Although Dr. Damski affirmed that some of the pain Claimant was experiencing resulted from his fall, Dr. Damski did not identify a specific fall-related injury causing such pain.
Significant!y, although the record demonstrates that the hospital CT scan taken on the date of Claimant’s accident revealed a hematoma and some hemorrhaging, neither Dr. Suite nor Dr. Damski was asked whether these conditions constituted objective medical evidence of an injury related to Claimant’s fall. Consequently, Claimant presented no admissible medical testimony that, within a degree of medical certainty, the CT scan shows he suffered an injury from the workplace fall.
Because Claimant failed to produce objective medical findings substantiating an injury resulting from his fall at work, the JCC correctly denied Claimant’s PFB. Accordingly, we affirm the final order on appeal.
AFFIRMED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.