PER CURIAM.
In this workers’ compensation case, Claimant appeals the portion of an order of the Judge of Compensation Claims (JCC) that denies temporary total disability (TTD) benefits on the finding that Claimant had not produced evidence of “objective relevant medical findings” as required by section 440.09(1), Florida Statutes (2013). The JCC employed this test at the insistence of the Employer/Servicing Agent (E/SA), based on the wording of section 440.09(1): “[t]he injury, its occupational cause, and any resulting manifestations or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings.” But Claimant argues the JCC used the wrong legal standard, because section 440.09 governs compensability and here the E/SA had stipulated to compensability of the injury. On de novo review, we agree with Claimant, for the reasons that follow.
Although a claimant has the burden to prove his entitlement to workers’ compensation benefits, see Fitzgerald v. Osceola County School Board, 974 So.2d 1161, 1164 (Fla. 1st DCA 2008), once a claimant has established compensability of an injury, for example by a prior ruling or a stipulation, an employer/carrier cannot challenge the causal connection between the work accident and the injury, but only the causal connection between the injury and the requested benefit, see Engler v. Am. Friends of Hebrew University, 18 So.3d 613, 614 (Fla. 1st DCA 2009), and further, the burden of proof regarding that causal connection is on the employer/carrier “to demonstrate a break in the causation chain, such as the occurrence of a new accident or that the requested treatment was due to a condition unrelated to the injury which the E/C had accepted as com- *414 pensable.” Jackson v. Merit Electric, 37 So.3d 381, 383 (Fla. 1st DCA 2010). Although Jackson addresses the law as it stood before imposition of the “major contributing cause” standard of causation in 1994, see chapter 93-415, section 5, at 76, Laws of Florida (amending section 440.09(1)), its holding translates to the current causation standard if a “break” is understood to occur when the work-related cause drops to 50% or less of the total cause of the need for the requested benefit. Cf. Cespedes v. Yellow Transp., Inc./Gallagher Bassett Servs., Inc., 130 So.3d 243, 248-50 (Fla. 1st DCA 2013) (citing Jackson and remanding for JCC to consider whether preexisting condition was major contributing cause of need for requested benefit). Here, the E/SA did not assert that there has been any break in the chain of causation from the compensa-ble injury to the need for the requested TTD benefits, or indeed any> major contributing cause defense at all.
By the stipulation of compensability, Claimant was absolved of the need to reestablish objective relevant medical findings, defined as “those objective findings that correlate to the subjective complaints of the injured employee and are confirmed by physical examination findings or diagnostic testing.” § 440.09(1), Fla. Stat. (2013). And in the absence of a challenge to the causal chain, Claimant had met his burden to prove the causal relationship between the compensable injury and the requested benefit. Claimant still retained the burden to establish other aspects of proof required by statute, such as the medical necessity of the requested benefit. See § 440.13(2)(a), Fla. Stat. (2013). But the E/SA did not assert that Claimant had not met that burden. Moreover, the JCC’s finding-supported by the record-that Claimant was taken off work by an authorized care provider “due to ongoing symptoms or injuries from the August 27, 2013 accident” [the compensable injuries] makes clear that Claimant did meet that burden.
The E/SA argues that it did not assert a major contributing cause defense because this case was never about causation. But that position is puzzling because the E/SA’s essential complaint is that it suspects the off-work directive was not based on the compensable injury — in other words, that the compensable injury did not cause Claimant’s temporary total disability. The E/SA also argues this court reached the opposite result in Jose v. Goodwill Industries, 132 So.3d 1189 (Fla. 1st DCA 2014). That argument fails because Jose is distinguishable on its facts; in Jose there was no proof of an injury, whereas here the E/SA stipulated to the existence of a compensable injury.
The order is REVERSED in part, to the extent it denies TTD benefits and any penalties, interest, costs, and attorney’s fees based thereon. The case is REMANDED for entry of an order awarding benefits in accordance with this opinion.
WOLF, BENTON, and RAY, JJ., concur.