IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROSA ESTELA RUBIO,

      Petitioner,

v.

GYMBOREE CORPORATION
AND GALLAGHER BASSETT
SERVICES, INC.,

      Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2685

Opinion filed October 20, 2015.

Petition for Writ of Certiorari.

Mark L. Zientz of the Law Offices of Mark L. Zientz, P.A., Miami, for Petitioner.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., Coral Gables, for Respondents.

PER CURIAM.

In her petition for writ of certiorari, Claimant seeks to quash an order of the Judge of Compensation Claims (JCC) that appointed an expert medical advisor (EMA) under section 440.13(9), Florida Statutes (2013), to resolve a disagreement

in medical opinions procured by the parties. Because the order would result in harm that cannot be remedied on plenary appeal, see Taylor v. Columbia/HCA Doctors Hosp. of Sarasota, 746 So. 2d 1244, 1245 (Fla. 1st DCA 1999), we may address Claimant's argument that it departs from the essential requirements of law.

We first address the argument that because the Employer/Carrier filed its motion for an EMA only eight days before final hearing, the JCC should not have appointed an EMA. Notably, Claimant does not contest that there existed a material disagreement in medical opinions, or argue that the appointment of an EMA would be legally improper if timely done. Rather, Claimant restricts her argument to the timeliness of the JCC's appointment of the EMA.

This court has held that, absent a timely request, a party cannot raise as error on appeal the JCC's *failure* to appoint an EMA. See, e.g., Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So. 2d 355 (Fla. 1st DCA 1998). The basis for this holding is that it would adversely impact the administration of justice to permit a party to ignore her obligation to diligently protect her interests, and wait until after an adverse order has been rendered to raise the issue for the first time. See Arvida River Hills Country Club v. Van Slyke, 728 So. 2d 1213, 1214 (Fla. 1st DCA 1999). But no case interpreting the EMA provisions in chapter 440, nor any statutory text brought to our attention, prevents a JCC from appointing an EMA merely because a request is not made timely. On the contrary, even absent a request from a party, a JCC *can*–and under the plain terms of sections 440.13(9)(c) and 440.25(4)(d) *must*

2

—appoint an EMA if a disagreement in medical opinions exists. To strike the appointment of an EMA in this case, even if based on an untimely request, would be in contravention of the plain language of sections 440.13(9)(c) and 440.25(4)(d) and the legislative intent that JCCs have independent authority to appoint EMAs where medical opinions materially differ. Here, the JCC could have, in effect, passed on the E/C's motion for the appointment of an EMA, but he was not required to do so as a matter of law. Accordingly, Claimant has not demonstrated that the JCC departed from the essential requirements of law by appointing an EMA in the circumstances presented.

Claimant next argues that the JCC's appointment of an EMA violates the 210-day deadline for holding a hearing set by section 440.25(4)(d), Florida Statutes (2013). The order extending the hearing beyond the 210-day deadline was not timely challenged by Claimant, who offers no meaningful remedy to the existing situation. Finally, the statutory deadline for holding a hearing is not "inflexible nor inviolable" and a JCC may grant a continuance for good cause shown. See Banks v. Allegiant Sec., 122 So. 3d 983, 985 (Fla. 1st DCA 2013) (reversing JCC's denial of continuance based on JCC's failure to consider statutory standards for such relief); see also Brown v. Pumpian, 504 So. 2d 481, 482 (Fla. 1st DCA 1987) (concluding time deadlines for holding hearings are "directory," not mandatory). Because Claimant has failed to demonstrate that the JCC departed from the essential requirements of law, the petition for writ of certiorari is DENIED on the merits.

3

LEWIS, MAKAR, and WINOKUR, JJ., CONCUR.