B.L. THOMAS, J.
In this workers’ compensation case, Appellant challenges an order of the Judge of Compensation Claims (JCC) denying all requested benefits. In five issues on appeal, Appellant challenges the exclusion of evidence and the rejection of his argument based on the “120-day rule,” section 440.20(4), Florida Statutes. Although we affirm without further comment the exclusion of the authorized treating providers’ medical records, we agree with Appellant that exclusion of the adjuster’s deposition was error, and conclude that the error was not harmless, as the evidence affects the 120-day rule analysis. Accordingly, we remand for further proceedings.
Appellant was injured, and Appellees Employer-Carrier authorized multiple health care providers to treat Appellant, who was unable to perform his regular job duties and was eventually terminated. He later filed petitions for benefits seeking temporary indemnity benefits, neck surgery as recommended by an authorized doctor, and penalties, interest, costs, and attorney’s fees.
Appellees contested those benefits and obtained an independent medical examination, which resulted in a medical opinion that the major contributing cause of Appellant’s pain was due to preexisting conditions. Appellant then filed four “Notices of Filing” whereby he submitted medical records from the four authorized treating providers; all four notices were served on Appellees. Thereafter, the JCC appointed an expert medical advisor, who also opined that preexisting conditions were the major contributing cause of Appellant’s need for surgery.
The expert medical advisor was not charged with determining the identity of the compensable injury, but in deposition added that the only injury the work accident caused was a temporary exacerbation of a preexisting condition. Appellant then argued that Appellees were legally es-topped from asserting a major contributing cause defense, because Appellees had failed to deny compensability, except a temporary exacerbation, within 120 days of Appellees initially providing benefits.
Just before the final hearing, Appellant deposed Appellees’ adjuster. Appellees objected to admission of the deposition under Florida Administrative Code Rule 60Q-6.113(8), which prohibits discovery within ten calendar days of the final hearing “absent prior approval ... for good cause shown” (or by agreement of the parties). Appellant alleged, however, that Appellees had balked at earlier attempts to schedule the adjuster’s deposition. The objection was sustained.
We reverse the exclusion of the adjuster’s deposition, because the JCC did not correctly consider prejudice, of which good cause is but one component. The JCC mentioned good cause orally during the hearing, and in the written final order and *1062 order on rehearing noted that Appellant had not sought permission to take the adjuster’s deposition beyond the rule’s deadline. The JCC further noted that he had not stricken the "witness, but only that particular deposition, suggesting Appellant could have subpoenaed the adjuster to appear at the hearing.
But the JCC’s consideration of prejudice resulting from exclusion of the deposition is off the mark, as the JCC should primarily have considered prejudice to the objecting party if the evidence was admitted, not the party seeking to introduce the evidence. In addressing a JCC’s refusal to allow a claimant to depose doctors after the employer-carrier refused to cooperate with scheduling, this court stated:
Although this court decidedly does not condone violations of deadlines contained in pretrial orders (an occurrence not apparent in this case), in workers’ compensation proceedings, even the testimony of undisclosed witnesses can be allowed into evidence upon a case-specific determination as to whether admission of the evidence would result in actual procedural prejudice to the objecting party.
[[Image here]]
The exclusion of evidence is a drastic remedy, which should occur only in the most compelling circumstances, and only after the JCC has made a case-specific determination as to whether the admission of the evidence would result in actual procedural prejudice to the objecting party.... [T]he JCC quashed depositions set by Claimant, and denied all of Claimant’s attempts to present medical testimony without considering any discretionary factors such as prejudice.
Burgess v. Buckhead Beef, 15 So.3d 25, 27 (Fla. 1st DCA 2009) (citations omitted).
The JCC’s interpretation that the rule would require prior approval[1] (or at least a prior request for late discovery) was error, given both the undergirding principle that relevant evidence should be considered by the factfinder and the intent of the Workers’ Compensation Law that cases be decided on their merits. See § 90.402, Fla. Stat. (“All relevant evidence is admissible, except as provided by law.”); § 440.015, Fla. Stat. (“It is the specific intent of the Legislature that workers’ compensation cases shall be decided on their merits.”); Burgess, 15 So.3d at 27 (“Here, the JCC’s exclusion of testimony from properly disclosed witnesses, based on a per se application of his interpretation of the administrative rules, is ... in direct conflict with the specific legislative intent of the Florida Workers’ Compensation Law.”).
Furthermore, exclusion of the adjuster’s deposition is not harmless here, because it contained testimony that Appellees had accepted “the cervical spine” or “the neck” as the compensable injury. Such testimony arguably goes directly to Appellant’s assertion that Appellees accepted compensability of his entire cervical condition, thus, Appellees were precluded from relying on the expert medical advisor’s opinion that part (or all) of the cervical condition preexisted the industrial accident. See generally Special v. West Boca Med. Ctr., 160 So.3d 1251, 1253 (Fla. 2014) (holding that to demonstrate harmless error, beneficiary of error must prove “no reasonable possibility that the error ... contributed to the verdict”); Jackson v. Merit Elec., 37 So.3d 381 (Fla. 1st DCA 2010) (holding that stipulation that compensable injury included “the back” estopped employer-carrier from challenging *1063 industrial causation of back injury). Because the JCC’s rejection of the 120-day rule argument was based on his having accepted the expert medical advisor’s opinion that the compensable injury was solely a temporary exacerbationan opinion that might have been legally precluded here we remand the case for the JCC to reconsider the 120-day rule issue, in light of the adjuster’s deposition.
Given the remand for the JCC to consider the adjuster’s deposition, we do not reach the points on appeal not addressed in this opinion. AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
OSTERHAUS and BILBREY, JJ., CONCUR.

. The JCC did not make precisely clear what specific event he thought the approval or request should be made prior to—the taking of the deposition, or the ten-day period, or some other date or event.