IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2162

FT. WALTON BEACH
MEDICAL CENTER/
BROADSPIRE,

     Appellants,

v.

TARA YOUNG,

     Appellee.

_____/

Opinion filed July 14, 2017.

An appeal from an order of the Judge of Compensation Claims.
Nolan S. Winn, Judge.

Date of Accident: January 4, 2013.

Will B. Ramhofer and Jerry M. Hayden of Vernis and Bowling P.A., Miami, for Appellants.

Nicolette E. Tsambis of Smith, Feddeler, Smith, P.A., Lakeland, for Appellee.


PER CURIAM.

     In this workers' compensation appeal, the Employer/Carrier (E/C) argues the Judge of Compensation Claims (JCC) erred on four grounds. We agree with the E/C that the JCC's award of permanent total disability (PTD) benefits is contrary to Westphal v. City of St. Petersburg (Westphal II), 194 So. 3d 311 (Fla. 2016).

Accordingly, we reverse on that ground, and need not address the remaining issues on appeal.

## I.

In the April 15, 2016, merits order, the JCC found Claimant entitled to PTD benefits, relying on this Court's opinion in Westphal v. City of St. Petersburg (Westphal I), 122 So. 3d 440 (Fla. 1st DCA 2013) (en banc). The JCC denied the alternative claims for temporary benefits based on a finding that Claimant had been paid in excess of 104 weeks of temporary benefits. Further, the JCC found that Claimant was not at maximum medical improvement (MMI) either physically or psychologically, noting that even though she was physically released to work, she was not released for work due to her mental condition. On May 12, 2016, the E/C filed a timely appeal of those portions of the merits order awarding PTD, permanent impairment benefits, and related penalties, interest, costs and attorney fees. No cross-appeal was filed.

On June 9, 2016, the Florida Supreme Court released Westphal II, quashing Westphal I. The supreme court concluded that the 104-week limitation on the payment of temporary total disability (TTD) benefits under paragraph 440.15(2)(a), Florida Statutes (2009), is unconstitutional as it deprives an injured worker, who has not reached MMI, of disability benefit eligibility for an indefinite period of time. Westphal II, 194 So. 3d at 313.

II.

We review de novo whether a JCC utilized the correct legal standard. See Banks v. Allegiant Sec., 122 So. 3d 983, 985 (Fla. 1st DCA 2013) ("Our review of an erroneous application of the law is de novo."). "An appellate court is generally required to apply the law in effect at the time of its decision." Fla. Patient's Comp. Fund v. Von Stetina, 474 So. 2d 783, 787 (Fla. 1985).

In Florida Forest and Park Service v. Strickland, 18 So. 2d 251, 253 (Fla. 1944), the Florida Supreme Court addressed the retrospective/prospective application of an appellate decision overruling a former decision, explaining:

> Generally speaking, therefore, a judicial construction of a statute will ordinarily be deemed to relate back to the enactment of the statute, much as though the overruling decision had been originally embodied therein. To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation.

In Strickland, while the appeal was ongoing, the supreme court "expressly overruled a previous decision of the court . . . wherein we had given to the applicable statutes an entirely different construction." Id. at 252. Accordingly, the supreme court declined to apply to Mr. Strickland's case the effect of that overruling, determining that it had only prospective application. Id. at 254. Here, however, before Westphal II there had never been a construction of paragraph 440.15(2)(a) by the "court of

3

supreme jurisdiction." Westphal I was a decision by a court of intermediate appellate jurisdiction. Moreover, at all times relevant to the instant proceeding, review of Westphal I was pending in the supreme court, as the supreme court had accepted jurisdiction by order of December 9, 2013, and the claims for the requested benefits were filed in 2014 and 2015. As such, the holding in Westphal II applies to the facts of this case.

Because the JCC's determination of entitlement to PTD benefits was based on the Claimant reaching "statutory MMI" due to the exhaustion of 104 weeks of temporary benefit payments, the award of those benefits was error. See Westphal II, 194 So. 3d at 320-21. Accordingly, we reverse the order on appeal and remand for proceedings consistent with Westphal II.

REVERSED and REMANDED.

ROWE, RAY, and M.K. THOMAS, JJ., CONCUR.