# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1076

_____

GEOFFREY MEEHAN,

    Appellant,

    v.

ORANGE COUNTY DATA &
APPRAISALS and JOHNS EASTERN
COMPANY, INC.,

    Appellees.

_____


On appeal from an order of the Judge of Compensation Claims.
Thomas W. Sculco, Judge.

Date of Accident: September 30, 1997.

March 20, 2019

M.K. THOMAS, J.

In this workers' compensation appeal, Geoffrey Meehan ("Claimant") argues that the Judge of Compensation Claims ("JCC") erred in denying his claims for medical care, costs, and attorney's fees related to an exposure at work. Because the parties entered into a broad stipulation in which the Employer/Carrier ("E/C") accepted compensability of the work-related exposure and "building related illness" and the E/C failed to demonstrate a break in the causal chain, we agree, and reverse and remand the order on appeal.

## I. Facts

From 1995 through 1997, the Claimant worked on the sixth floor of a building in Orlando. The Claimant described the building conditions as dismal with leaks in the ceilings and blackish growths on wall tiles. Employees in the building began to experience breathing problems. Asbestos was later discovered, and employees were removed from all floors except for the sixth floor where the Claimant worked. The employees hired by the building renovation company wore body suits and masks while working on the sixth floor near the Claimant's work space. Yet, the Claimant was not provided any protective gear. The Claimant later developed breathing problems and reported his illness to his Employer.

Subsequently, the E/C entered into a broad stipulation with the Claimant in which it accepted compensability of the work exposure. Additionally, the E/C accepted liability for "building related illness associated with indoor air quality problems," with an accident date of September 30, 1997. Medical care was authorized with a pulmonologist. The JCC approved this joint stipulation by order in 1998.

In 2002, Dr. Varraux, the authorized pulmonologist, diagnosed the Claimant with "recurrent sinus, acute bronchitis, reactive airway disease, rhinitis, sinusitis, rhinosinopulmonary syndrome, and occupational-induced asthma." He prescribed inhaler bronchiodilators, among other medications. The E/C continued authorization of the medical care and the treatment recommended.

Fifteen years later, the E/C issued a Notice of Denial terminating all further medical treatment to the Claimant. The insurance adjuster confirmed the E/C's decision to deny further medical care was based solely on a peer review report. In its Notice of Denial, the E/C asserted the work accident was no longer the major contributing cause ("MCC") of the need for medical treatment. In response, the Claimant filed petitions for benefits ("PFBs") seeking reauthorization of Dr. Varraux, payment of his medical bills, costs and attorney's fees. The E/C filed a formal response to the PFBs asserting the work accident was no longer

the MCC and that the treatment and medications were not medically necessary.

After denying all further medical care, the E/C obtained an independent medical evaluation ("IME") with Dr. Brooks, an internal medicine specialist with a subspecialty in pulmonary medicine. Dr. Brooks diagnosed the Claimant with vocal cord dysfunction ("VCD"), unrelated to workplace exposure. In his opinion, the Claimant did not suffer from asthma and, therefore, did not need the asthma medications prescribed by Dr. Varraux. Dr. Brooks testified that he found no evidence of sinusitis, but he did diagnose allergic rhinitis, which he opined was also unrelated to the workplace exposure.

Dr. Varraux testified that the Claimant had "got[ten] worse" over time. He maintained his opinion on diagnoses and treatment recommendations. With respect to Dr. Brooks' diagnosis of VCD, he disagreed. He reiterated his diagnoses, inclusive of asthma, and his opinion that the Claimant's need for ongoing medications for all of his conditions and symptoms to be medically necessary and causally related to the work exposure.

Prior to merits hearing, the parties filed Uniform Pre-Trial Stipulations in which the E/C raised the following specific defenses: 1) The industrial accident is no longer the MCC of the need for treatment or disability; and 2) the prescriptions are not medically necessary. No EMA was appointed.[1]

Following the merits hearing, the JCC entered an order denying all claims. The JCC accepted the testimony of Dr. Brooks

---

[1] Section 440.13(9)(c), Florida Statutes, dictates that the JCC "shall" appoint an EMA when there is a "disagreement in the opinions of the health care providers." Here, the parties expressly waived appointment of an EMA and stipulated on the record that neither would raise the EMA issue on appeal. The JCC did not *sua sponte* appoint an EMA, and as agreed, neither party raised the EMA issue on appeal. Because a JCC's failure to appoint, on his own, an EMA is not fundamental error, the issue is not addressed on appeal. *See Quiroga v. First Baptist Church at Weston*, 124 So. 3d 936, 937 (Fla. 1st DCA 2013).

3

over that of Dr. Varraux, to conclude that, generally speaking, "asthma" treatment was not medically necessary because the Claimant did not have asthma. The JCC noted the Claimant had not made a claim for authorization of treatment for VCD and allergic rhinitis. The JCC observed, "The fact that Dr. Varraux's mistake in diagnosis is understandable may make his conduct 'reasonable', but it does not make his treatment 'medically necessary' under the statute."

On appeal, the Claimant argues that the E/C cannot deny his claim for medical treatment because it had previously stipulated to compensability of the conditions treated by Dr. Varraux.[2] Whether the diagnosis is appropriately VCD or not, the Claimant's continued symptoms and need for treatment are simply part of the compensable conditions accepted by the E/C. Further, no break in the causal chain between the work exposure and the need for treatment has occurred because the Claimant's symptoms and conditions have been present since the work exposure and simply had not yet been diagnosed or developed as a sequela of the compensable conditions. Alternatively, the Claimant argues that the VCD diagnostic issue supplants only his asthma and has no effect on the other conditions diagnosed and treated by Dr. Varraux. Accordingly, Dr. Varraux should remain authorized to treat the remaining compensable conditions and the VCD because the compensable conditions caused the VCD. The E/C counters that VCD is a different condition from asthma requiring different medications, therefore, the treatment currently being provided is not medically necessary.

## II. Analysis

Factual findings made by the JCC are reviewable for competent, substantial evidence ("CSE"); to the extent the JCC's ruling involved an interpretation of law, review is *de novo*. *See Mylock v. Champion Int'l*, 906 So. 2d 363, 365 (Fla. 1st DCA 2005).

---

[2] Neither of the parties raised argument that the order approving the joint stipulation was subject to modification under section 440.28, Florida Statutes.

4

A claimant has the burden to prove entitlement to workers' compensation benefits. *See Fitzgerald v. Osceola Cty. Sch. Bd.,* 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008). But, once a claimant has established compensability of an injury, via prior ruling or a stipulation, the E/C cannot challenge the causal connection between the work accident and the injury. *Engler v. Am. Friends of Hebrew Univ.,* 18 So. 3d 613, 614 (Fla. 1st DCA 2009). The E/C may only question the causal connection between the injury and the requested benefit. *Id.* The E/C bears the burden of proof "to demonstrate a break in the causation chain, such as the occurrence of a new accident or that the requested treatment was due to a condition unrelated to the injury which the E/C had accepted as compensable." *Jackson v. Merit Elec.,* 37 So. 3d 381, 383 (Fla. 1st DCA 2010); *see also Perez v. Se. Freight Lines, Inc.*, 159 So. 3d 412, 414 (Fla. 1st DCA 2015) ("a 'break' is understood to occur when the work-related cause drops to 50% or less of the total cause of the need for the requested benefit."). Here, the E/C did not assert that there has been any break in the chain of causation or provide evidence to support any such break occurred. By the E/C's stipulation of compensability, the Claimant was excused of the burden to reestablish causation.

Dr. Brooks opined that asthma is no longer the MCC of the need for treatment as he contests that the Claimant suffers from asthma. However, he declined to testify that the "building-related illness" was not the MCC of the need for treatment. Dr. Brooks also clarified that "as far as I understand" the Claimant was taking only asthma medications. In contrast, Dr. Varraux testified that he was prescribing medications for multiple conditions, in addition to asthma. Granted, despite the E/C's acceptance of compensability of the work-related exposure and illness, the Claimant retained the burden to establish other aspects of proof required by statute, such as the medical necessity of the requested benefits. *See* § 440.13(2)(a), Fla. Stat. (2013). He did so through the testimony of Dr. Varraux. Dr. Varraux testified that *all* of the prescriptions the Claimant is currently being prescribed are medically necessary for "the conditions for which" he was being treated. Yet, Dr. Brooks opined only that the VCD exists instead of the asthma. With respect to the rhinitis, Dr. Brooks agreed that the Claimant did, in fact, suffer from this condition. Dr. Varraux diagnosed and has treated the Claimant for this condition since 2002. The E/C did not

5

elicit any testimony from Dr. Brooks as to any break in the causal chain relating to diagnosis and continued treatment of rhinitis.

The Claimant *does* have compensable injuries, by stipulation. He has a "building related illness associated with indoor air quality problems." Notably, the stipulation does not specify "pulmonary" conditions. However, the JCC failed to recognize the legal significance of the E/C's broad stipulation. *See Jackson*, 37 So. 3d at 383. The JCC interpreted Dr. Brooks' testimony as satisfying the E/C's burden of proving a break in the causal chain. However, Dr. Brooks' testimony clearly demonstrates his belief that the Claimant was misdiagnosed and that he suffers from VCD, not asthma. The Claimant's symptoms have not substantially changed since the compensable exposure. The E/C may not now escape its acceptance of compensability with an argument of misdiagnosis. Of note, Dr. Brooks testified that the Claimant suffers from the alternative diagnosis of VCD which "may simulate asthma."   Thus, Dr. Brooks' testimony is not CSE to support the JCC's ruling that the medical treatment was not necessitated by the "building related illness associated with indoor air quality problems" or that a break in the causal chain had occurred since the joint stipulation. Dr. Brooks established only that there may exist a dispute in the appropriate diagnosis but that the "building related illness associated with indoor air quality" suffered by the Claimant, albeit potentially varying in degree, remained. The conditions and symptoms for which the E/C accepted responsibility continue to be experienced by the Claimant.

As in *Jackson*, this dispute might never have arisen if the parties took care to define the compensable injury. A broad stipulation of this kind "does little in limiting the E/C's area of responsibility, nor does it give the Claimant guidelines as to what treatment he should be requesting from the E/C." *Jackson*, 37 So. 3d at 383. Asking the doctor whether the current treatment is related to the 1997 accident without providing the legal posture of the case is not likely to result, as it failed to do here, in an opinion supporting a break in the causal connection. Likewise, the JCC failed to address: 1) the medical necessity of the *other* treatment Dr. Varraux was providing for conditions other than asthma; and

6

2) the distinction, if any, between the rhinitis Dr. Varraux had been treating since 2002 and that which Dr. Brooks diagnosed.

Because CSE does not exist to support the JCC's denial of all medical care, the order on appeal is reversed. Although Dr. Brooks testified that the Claimant did not have asthma, he opined that the Claimant had been misdiagnosed and the correct diagnosis was VCD. Dr. Brooks declined to testify that the "building-related illness" was not the MCC of the Claimant's need for ongoing treatment. No evidence was introduced by the E/C that the Claimant's symptoms changed since the date of the joint stipulation or that new, unrelated conditions or symptoms had arisen since the exposure was accepted as compensable. Accordingly, the order of the JCC is reversed and the matter is remanded for entry of an order granting the claims requested.

REVERSED and REMANDED for entry of an order consistent with this opinion.

B.L. THOMAS, C.J., and JAY, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Richard H. Weisberg, Sanford, and Bill McCabe, Longwood, for Appellant.

Kristen L. Magana of Broussard, Cullen & Blastic, P.A., Orlando, for Appellees.